IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AMBASE CORPORATION AND CARTERET BANCORP, INC., Plaintiffs, and THE FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff-Intervenor, v. THE UNITED STATES, Defendant. | No. 93-531C (Senior Judge Loren Smith) |

**GOVERNMENT RESPONSE TO FDIC'S RESPONSE**
**TO AMBASE'S CORRECTED STATEMENT OF ISSUES**

In response to the Corrected Statement of Issues ("SOI") filed by Ambase Corporation ("Ambase") on June 26, 2006, the Federal Deposit Insurance Corporation ("FDIC") argues that, while this Court lacks jurisdiction to entertain the claims set forth in the SOI relating to the balance of the receivership deficit, the contract action is not moot because "Ambase now expects to prove that the lost profits resulting from defendant's FIRREA contract breach were 'substantially in excess of $300 million' . . . [and] the projected total net deficit, as of the end of CY 2005, is $278 million." FDIC Response To Ambase's SOI at 14, quoting SOI at 6.

The FDIC further observes that, when the claims of the Internal Revenue Service are excluded from the receivership balance, the net deficit is approximately $180 million, which, the FDIC contends, is also less than Ambase's expected lost profits claim. Id. The FDIC argues that, given these facts, we have failed to sustain the burden of proving lack of justiciability and,

therefore, this Court should proceed with the contract claim. In the alternative, the FDIC contends that this Court should, if it declines to reconsider its decision to review the receivership deficit, certify that issue for interlocutory review. FDIC Response at 1.

As set forth in our response to the SOI, we agree with the FDIC that this Court lacks subject matter jurisdiction to address Ambase's receivership deficit claims. However, as also set forth in our response to the SOI, we do not agree that this case is justiciable simply because Ambase asserted in the SOI that the value of the alleged lost profits at the time of the breach might exceed $300 million. Nor do we believe it is relevant to the justiciability of Carteret's contract claim that, according to the receiver, "the FDIC's current estimates of the receivership's ultimate tax liability . . . [is not necessarily] dispositive," FDIC Response at 20.

With respect to Ambase's assertion in the SOI that alleged lost profits might exceed $300 million, if, as Ambase concedes, a fair measure of the thrift's equity value as of the time of the breach is $266 million, which is the price Ambase paid for Carteret approximately one year prior to the breach, FDIC Response at 5, it is nonsensical to contend, as the receiver and Ambase apparently do, that the discounted value of lost profits from the date of the breach to the conclusion of the contracts could exceed $266 million. The asserted market value of the thrift as of the date of the breach fully took into acount the market's assessment of any profits the thrift would realize over the course of the contract. See Suess v. United States, 52 Fed. Cl. 221, 231 (Fed. Cl. 2002) (the market value of a thrift's stock on the date of the breach "establishes how the market valued future income . . . discounted to present value . . ."). Therefore, the present value of the alleged lost profits, by definition, cannot exceed $266 million.

Further, even assuming Ambase could establish a lost-profits claim in excess of $300

million, the net deficit as of December 2006 will be approximately $20 million higher than the deficit balance of $278 million recorded by the FDIC as of December 2005 upon the assumption that the deficit increased during 2006 at approximately the same rate as it increased in prior years. See FDIC Response at 7. Further, by the time expert discovery on contract damages is concluded and Carteret's claim is tried, which is unlikely to be the case before the end of 2007 at the earliest, the deficit will greatly exceed $300 million. Even under the assumption that the present value of alleged lost profits could exceed the market based equity of Carteret at the time of the breach, therefore, the claim is both nonjusticiable and moot. See, e.g. Landmark Land Co. v. Federal Deposit Insurance Corp., 256 F.3d 1365 (Fed. Cir. 2001); accord Bailey v. United States, 341 F.3d 1342 (Fed. Cir. 2002).

Finally, the FDIC is not clear on the appropriate treatment of the book balance tax liability for purposes of establishing the justiciability and mootness of the damage claim. At one point, the FDIC properly observes that "Ambase fails to demonstrate that the FDIC's most recent estimate of the size of the receivership is erroneous." FDIC Response at 8. This suggests the FDIC believes that, in determining the mootness or jusiciability of the damage claim, this Court lacks jurisdiction to review the income tax balance on the receivership's books. At another point, however, the FDIC attempts to draw a distinction between elements of the receivership balance and contends that some entries are "dispositive" while others are not. FDIC Response at 19. With respect to the latter category, the FDIC opines that "there is no reason to treat the FDIC's current estimates of the receivership's ultimate tax liability as dispositive." Id. at 19-20. The FDIC cites no authority for this position, and it is inconsistent with the recognition, throughout the response, that the justiciability and mootness of the damage claims depend upon

which is larger at the time of trial, the potential damage award or the receivership deficit balance on the FDIC's books.

In short, while the FDIC is correct in demonstrating that this Court lacks jurisdiction to entertain Ambase's claims regarding the receivership deficit, it is incorrect in contending that we have not demonstrated the mootness and non-justiciability of the Carteret contract claim. Because, as this Court has recognized and we demonstrated in our response to the SOI, "the case is over" if the receivership deficit consists of the balance reflected on the FDIC's books, FDIC Response at 4, quoting Transcript of Oral Argument, Ambase Corp. v. United States, No. 93-531 at 73-74 (Fed. Cl. Apr. 2005), this "case is over." This Court simply lacks jurisdiction to review the deficit which this Court has recognized has already swallowed up the alleged market equity value of Carteret at the time of the breach. Accordingly, the amended complaint should be dismissed.

**CONCLUSION**

For these reasons and those set forth in our response to the SOI, Ambase's amended complaint for contract damages against the United States should be dismissed.

Respectfully submitted,

STUART E. SCHIFFER
Deputy Assistant Attorney General

DAVID M. COHEN
Director

JEANNE E. DAVIDSON
Deputy Director

WILLIAM F. RYAN
Assistant Director
S/ David A. Levitt
DAVID A. LEVITT
Trial Attorney
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: 202-307-0309

OF COUNSEL:
TIMOTHY ABRAHAM
ARLENE PIANKO GRONER
MELINDA HART
F. JEFFERSON HUGHES

October 19, 2006

Certificate Of Filling

I hereby certify that on October 19, 2006, a copy of the foregoing Government Response To FDIC's Response To Ambase's Corrected Statement Of Issues was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/David A. Levitt