**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AMBASE CORPORATION AND CARTERET BANCORP, INC.,<br><br>Plaintiffs,<br><br>and<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 93-531<br>(Judge Loren Smith) |

**PLAINTIFFS' MOTION FOR ENTRY OF AN**
**ORDER SETTING PRETRIAL SCHEDULE**

Plaintiffs AmBase Corporation and Carteret Bancorp, Inc. hereby respectfully move for entry of an order setting a complete pretrial schedule. As the Court is aware, on January 29, 2007, the parties filed, pursuant to this Court's order dated December 13, 2006, a joint submission requesting entry of an order setting the schedule for expert discovery in this action. The present motion does not seek to modify the parties' agreed-upon proposed schedule for such expert discovery. Rather, it seeks to build upon that proposed schedule so as to establish a schedule for all pretrial activities and to set (subject, of course, to the Court's own schedule) a trial date.

In addition to discussing, and ultimately reaching agreement upon, a stipulated proposed schedule governing expert discovery, the parties have also attempted to reach agreement on a

complete pretrial schedule. Primarily because of disagreements with defendant concerning whether the schedule should have built into it a schedule for the briefing of summary judgment motions that could potentially delay trial indefinitely, the parties have been unable to reach agreement on a schedule beyond the expert discovery phase. Plaintiffs believe, however, that it makes sense to provide the Court at this time with their proposed pretrial schedule, as well as a brief statement of their position regarding the scheduling issues on which the parties have not been able to reach agreement, so that the Court can consider the pretrial schedule in time to provide further guidance to the parties sooner rather than later (and perhaps by the time of the status conference currently scheduled for April 12, 2007).

## DISCUSSION

Plaintiffs propose the following schedule for pretrial proceedings following the close of expert discovery:

1. **October 19, 2007:** Deadline for exchange by the parties of exhibit lists and witness lists pursuant to RCFC App. A, ¶ 13(a) & (b).
2. **November 16, 2007:** Deadline for filing of Plaintiffs' and the FDIC-R's submissions under RCFC App. A, ¶¶ 14(a), 15, & 16.
3. **December 19, 2007:** Deadline for filing of Defendant's submissions under RCFC App. A, ¶¶ 14(b), 15, & 16.
4. **January 10, 2008:** Pretrial conference.
5. **January 2008 (at Court's earliest convenience):** Trial.[1]

[1] While the parties will be in a better position to estimate the likely length of trial after the close of expert discovery, Plaintiffs currently anticipate that trial should consume approximately 4 weeks.

Defendant has suggested that following the close of expert discovery, there should be a schedule for the briefing of summary judgment motions, and that the remaining pretrial deadlines, and the trial itself, should be suspended until such summary judgment motions are resolved. While Plaintiffs appreciate the theoretical potential of summary judgment proceedings to obviate the need for trial, Plaintiffs strongly believe that, given the intensely factual nature of the issues that will need to be resolved with respect to damages, any benefit from incorporating a lengthy summary judgment phase into the pretrial schedule would be far outweighed by the costs of postponing trial in this action, which, by the time of trial even under Plaintiffs' proposed schedule, will have been pending in this Court for ***more than fourteen years***.

Any damages trial in this case will almost certainly focus on quintessentially factual issues, including but not limited to such questions as whether the claimed damages were caused by the breach, whether Carteret Savings Bank would have failed even absent the breach, whether the claimed damages have been calculated with reasonable certainty, and whether Plaintiffs engaged in reasonable mitigation efforts. It is extremely unlikely that such questions could be resolved on summary judgment. It is therefore a virtual certainty that a trial will be necessary. Moreover, while summary judgment proceedings could theoretically narrow some of the issues for trial, it is extremely unlikely that such proceedings would obviate the need for or materially affect the scope of trial on the core damages issues such as the issues discussed above. Thus, the resolution of summary judgment motions is unlikely to materially impact the parties' preparation for trial. For these reasons, and given the fact that every day in which the resolution of this case is delayed threatens to further erode the damages to which Plaintiffs may be entitled (as a result of the bar on prejudgment interest and the ever-increasing nature of the Carteret receivership deficit), Plaintiffs respectfully submit that Defendant's desire to incorporate into the pretrial

schedule a summary judgment phase that would suspend further pretrial proceedings and indefinitely delay trial would not further, but would instead run counter to, the "just, speedy, and inexpensive determination" of this action. RCFC 1.

At an absolute minimum, even in the event that a party decides to file a summary judgment motion, the Court should not suspend pretrial proceedings or trial during the pendency of such a motion. As discussed above, trial in this case will be necessary regardless of whether summary judgment motions are filed. Moreover, should Defendant believe it is entitled to file for summary judgment with respect to any issue pertaining to Plaintiffs' damages claims, it will be in a position to file such a motion shortly following receipt of Plaintiffs' expert reports in May. That would still leave approximately eight months before trial for any such summary judgment motion to be briefed and resolved. At the absolute latest, Defendant would be in a position to file any such summary judgment motion by the time it submits its own expert reports in September, which would still leave approximately four months before trial. There is no reason for the trial date to be suspended when Plaintiffs' proposed schedule would leave sufficient time for any legitimate summary judgment motion, focusing on issues which truly are not subject to factual dispute, to be briefed and resolved before trial. To be sure, this would potentially require the parties to file their pretrial briefs and witness and exhibit lists before any summary judgment motions are resolved. Any inefficiencies or unfairness resulting from such potentially overlapping proceedings, however, would pale in comparison with the inefficiencies and unfairness that would result should pretrial proceedings and trial be suspended for months while summary motions that stand no realistic chance of either obviating the need for or materially limiting the scope of trial are litigated. Thus, there is no reason for the Court to refrain at this time from setting a complete pretrial schedule and establishing a firm trial date for early 2008.

Finally, the FDIC-R has indicated that it may oppose a trial that covers all outstanding issues before the Court and may seek to have the trial bifurcated between issues relating to damages and issues relating to the size of the receivership deficit. But as the Court noted at the November status conference, these issues are closely intertwined. Bifurcation will serve only to delay the ultimate resolution of the case. Such additional delay would be fundamentally unfair both because no prejudgment interest is available on Carteret's damages claim and because the FDIC-R continues to charge interest on the receivership.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order setting a pretrial schedule that incorporates the dates proposed herein.

February 22, 2007

Respectfully submitted,

/s/ Charles J. Cooper

Charles J. Cooper
*Counsel of Record*

David H. Thompson
Vincent J. Colatriano
David M. Lehn

COOPER & KIRK, PLLC
555 11th Street, N.W., Suite 750
Washington, D.C. 20004
Telephone: (202) 220-9600
Facsimile: (202) 220-9601

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of February 2007, I caused to be served by the Court's electronic filing system copies of the foregoing on the following counsel:

David Levitt, Esq.
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
1100 L Street, N.W.—Room 12006
Attn: Classification Unit—8th Floor
Washington, DC 20530

Andrew Gilbert, Esq.
FDIC Legal Division
550 17th Street, N.W.
Room 2098
Washington, DC 20429

/s/Charles J. Cooper