IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMBASE CORPORATION and<br>CARTERET BANCORP, INC.<br><br>Plaintiffs,<br><br>FEDERAL DEPOSIT INSURANCE CORP.,<br>Successor to the rights of<br>CARTERET SAVINGS BANK, F.A.,<br><br>Plaintiff-Intervenor<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 93-531C<br>Senior Judge Smith |

FDIC'S RESPONSE TO SHAREHOLDER PLAINTIFFS'
MOTION FOR ENTRY OF AN ORDER SETTING PRETRIAL SCHEDULE

Plaintiff-Intervenor Federal Deposit Insurance Corporation, successor to the rights of the former Carteret Savings Bank, F.A. ("FDIC"), submits this response to the Motion for Entry of an Order Setting Pretrial Schedule filed on February 22, 2007, by plaintiffs AmBase Corporation and Carteret Bancorp, Inc. (jointly, "Shareholder Plaintiffs"). The FDIC supports the Shareholder Plaintiffs' motion in part, and opposes it in part.

## ARGUMENT

### I. SUMMARY

Shareholder Plaintiffs' motion requests the Court to:

1. set dates in 2007 for the parties to exchange exhibit lists, witness lists, RCFC App. A filings;
2. set dates in January, 2008, for a pretrial conference and trial (estimated to last four weeks) that covers "all outstanding issues before the Court, including "issues relating to the size of the receivership deficit"; and
3. allow the filing of summary judgment and similar motions at any time during pre-trial proceedings, without suspension of those proceedings pending determination of any such motions.

The FDIC supports Shareholder Plaintiffs' request that dates in 2007 be set for the parties to exchange exhibit lists, witness lists, RCFC App. A filings; agrees that dates should be set for a final pretrial conference and trial; agrees that the filing of summary judgment and similar motions should be allowed at any time during pre-trial proceedings; and agrees that those proceedings should not be suspended pending determination of any such motions.

The FDIC opposes the Shareholder Plaintiffs' selection of January, 2008, for a pre-trial conference and trial date, and proposes a trial date of December 3, 2007, instead.

The FDIC also opposes the Shareholder Plaintiffs' motion to enlarge the scope of the trial to include "issues relating to the size of the receivership deficit."

## I. THE DAMAGES TRIAL SHOULD BE HELD EARLIER

The Shareholder Plaintiffs proposal calls for a pre-trial conference and trial in January of 2008. The FDIC proposes an earlier trial date.

As the Shareholder Plaintiffs note, this case has been pending for over fourteen years. What they do not point out is that much of the delay has been due to them. It was the Shareholder Plaintiffs who decided to pursue lengthy discovery into the calculation of the receivership deficit—discovery that will be irrelevant if the Shareholder Plaintiffs succeed in proving the damages that they allege. It was the Sharehholder Plaintiffs who (along with the Government) moved to suspend expert discovery on damages while they pursued that discovery. And it was the Shareholder Plaintiffs who took until March 5, 2007, almost three months after this Court's last Order in this case, to file the designation of their damages expert—even though that expert is the same person who served as the expert with respect to receivership deficit issues.

Accelerating the trial date would lessen the likelihood that receivership deficit issues would be relevant, because it would inhibit the growth of that deficit. Therefore, the FDIC proposes that this case be set for trial on Monday, December 3, 2007, providing the Court's schedule allows.

## II. THE RECEIVERSHIP DEFICIT PROJECTIONS ARE NOT RELEVANT UNTIL AFTER DAMAGES ARE AWARDED

This Court previously ruled that

> [a]s a trial on damages is pending in this case, the Court sees no reason to pursue any inquiry into the specifics of the receivership until at least such time as there is a decision that some damages must be awarded.

*AmBase v. United States*, 61 Fed.Cl. 794, 802 (2004). To be sure, when the Government challenged the continuing justiciability of the case, the Court directed the Shareholder Plaintiffs to show cause why the case should proceed, and allowed them to conduct discovery into the FDIC's calculation of the projected receivership deficit. But it did so only for the purpose of determining whether the case should proceed towards a trial on damages instead of being dismissed for lack of justiciability, and the Court's resultant Order makes no finding as to the extent of the receivership deficit.

As a result of the show cause proceeding, this Court found that this case is currently justiciable. Order, *AmBase v. United States*, No. 93-531C (Dec. 13, 1006).[1] That finding did not change the Court's previous conclusion that its own inquiry into "the specifics of the receivership" should be postponed "until at least such time as there is a decision that some damages must be awarded." To the contrary: the Court's finding that this case is currently justiciable obviated, for the foreseeable future, the need for any inquiry into the "specifics of the receivership."

---

[1] The December 13th Order also denied Defendant's then-pending Motion for Certification. The Order did not mention FDIC's March 15, 2005 motion for certification for interlocutory appeal, which thus technically remains pending. However, FDIC assumes that its request for interlocutory appeal and other requests (i.e., to vacate or reconsider the Court's Order and Opinion dated August 31, 2004), are no longer under consideration by the Court.

The show cause proceedings established that the contract damages alleged by the Shareholder Plaintiffs now substantially exceed the Carteret receivership deficit projected by the FDIC. In particular, Shareholder Plaintiffs currently allege lost profits expectancy damages that are far greater than the projected receivership deficit. *See* FDIC Response to Ambase's Statement of Issues (Sept. 13, 2006) at 5-7. Consequently, the Shareholder Plaintiffs' criticisms of various aspects of the FDIC's calculation of the projected receivership deficit are currently irrelevant.

At some later date, the Government may again argue, by way of defense, that this case has become non-justiciable. In support of that argument, on which it will have the burden of proof, the Government might proffer the FDIC's then-current projection of the Carteret receivership deficit. If and when that happens, the Court can decide what weight to give the FDIC's projections in determining whether the case then remains justiciable. Unless and until that happens, however, the receivership deficit is no longer an issue in this case.

Should the Government again challenge the justiciability of this case, the Shareholder Plaintiffs will be free to argue, as they have before, that the Court should give little or no weight to some or all of the FDIC's projections; the Government will be free to argue that the projections should be accepted in their entirety. At no time, however, will the Court be required, or have jurisdiction, to determine what the projected receivership deficit actually "is." First, a projected number is nothing but that: a projection. Second, the Court's inquiry will be limited to determining a simple evidentiary question: *viz.,* whether to accept some or all of the FDIC's calculations underlying the projected receivership deficit in determining whether the case remains

justiciable. Given the limited nature of that issue, there is unlikely to be any need to hold a hearing or hear witnesses. Rather, this issue can be decided, as evidentiary questions usually are, on motion. For that reason, the trial of this case should last considerably less than the four weeks projected by the Shareholder Plaintiffs: another reason why the trial date can and should be moved up to December of 2007.[2]

## CONCLUSION

For the foregoing reasons, the FDIC respectfully request that the Court enter an order establishing a pretrial order that sets Monday, December 3, 2007, for the start of the damages trial in this case; that excludes issues related to the calculation of the projected receivership deficit from the scope of that trial; and that allows the filing of summary judgment and similar motions at any time during pre-trial proceedings, without suspension of those proceedings pending determination of any such motions.

Respectfully submitted,

By /s/ *Andrew C. Gilbert*
Andrew C. Gilbert
*Counsel*
Federal Deposit Insurance Corporation
Legal Division
550 17th Street, NW
MB-3060
Washington, DC 20429
Telephone: 202-898-3871
Facsimile: 202-898-3908
Attorney of Record for Plaintiff-Intervenor FDIC

OF COUNSEL:
D. Ashley Doherty
Gary Kuiper
*Counsels*
FDIC

March 12, 2007

[2] Because the Government, the party defending against the claims of the Shareholder Plaintiffs and the FDIC, argues that the case is non-justiciable in its entirety (and relies on the FDIC's projections of the receivership deficit), Shareholder Plaintiff's terminology is inaccurate. Neither the receivership deficit, nor any portion of it, is, as Shareholder Plaintiffs have alleged elsewhere, an "offset" to their claims. Rather, a receivership deficit is a fact that, in some circumstances, destroys a court's jurisdiction over a case. Nor is there any issue of a "bifurcated trial" here. *See* Plaintiffs' Motion for Entry of an Order Setting Pretrial Schedule, *supra*, at 5. The projected receivership deficit is not an element of the Shareholder Plaintiff's claims against the Government. That this Court can review the FDIC's calculations and projections in assessing its jurisdiction does not require, or authorize, conducting a trial on the size of that deficit.

CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2007, a copy of the foregoing was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Andrew C. Gilbert*