**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AMBASE CORPORATION<br>AND CARTERET BANCORP, INC.<br><br>Plaintiffs,<br><br>and<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION,<br>Plaintiff-Intervenor,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 93-531C<br>(Senior Judge Loren Smith) |

**JOINT PRELIMINARY TRIAL SCHEDULE**

1. The parties have developed the attached proposed joint preliminary trial schedule, which reflects their current expectations regarding the identity of witnesses who are likely to be called at trial, the order in which the witnesses will be called, and the likely duration of each witness's testimony. It should be noted that the attached schedule's designation of witnesses likely to be called by Plaintiffs AmBase Corporation and Carteret Bancorp, Inc. ("AmBase") is also premised on the assumption that AmBase's forthcoming motion to designate deposition testimony (discussed in paragraph 5(b) below) will be granted.

It should also be noted that the attached schedule's designation of witnesses to be called by the Government, and the schedule's designation of the anticipated duration of the examinations of witnesses by the Government, is premised on the Government's position (as discussed in Paragraph 5(a) below) that the Government and AmBase should each have 60 hours

of trial time. The duration of examinations of witnesses by AmBase is premised on AmBase's position (also as discussed in Paragraph 5(a) below) that the Government and AmBase should each have 40 hours of trial time, and the schedule is submitted without prejudice to either party's position.

2. The parties propose that any party may elicit witness testimony out of turn from witnesses called by another party, and may exceed the scope of direct, to avoid calling a witness either in its case-in-chief or in rebuttal, without opening its case or foreclosing its right to file motion pursuant to Rule 52(c).

3. The parties propose that closing arguments should follow post-trial briefing.

4. The parties request a courtroom with access to technology, have agreed to share the costs of the Court’s access to technology, and request access to the courtroom on February 8.

5. There are several issues upon which the parties disagree that may impact the trial schedule.

(a) The Government proposes the following time limits: AmBase 60 hours; FDIC 20 hours; United States 60 hours. FDIC joins in this proposal. It should be noted that the Government’s proposed allocation of hours is premised upon the assumption that AmBase’s forthcoming motion to designate deposition testimony (discussed in paragraph 5(b) below) will be denied, that the Court agrees with the Government’s position, as addressed in paragraph 5(c) below, regarding rebuttal and sur-rebuttal, and that the FDIC will not call any witnesses. Each party may allocate its time among its direct testimony, cross-examination, rebuttal (if permitted) and sur-rebuttal.

AmBase proposes the following time limits: AmBase 40 hours; FDIC 20 hours; United States 40 hours. Each party may allocate its time among its direct testimony, cross examination, rebuttal, sur-rebuttal, opening statements, arguments (including extended evidentiary arguments and Rule 52(c) arguments), and closing arguments. AmBase's proposed time limits are premised on the assumptions that AmBase's forthcoming motion to designate deposition testimony (discussed in paragraph 5(b) below) will be granted, and that the Court agrees with AmBase's position, as addressed in paragraph 5(c) below), regarding rebuttal and sur-rebuttal.

(b) AmBase intends to file a motion, in accordance with relevant provisions of the rules of this Court and the Federal Rules of Evidence, to designate certain deposition testimony as substantive evidence on December 21, 2007, together with its Appendix A submissions. The United States anticipates opposing this motion with respect to witnesses who are available to testify. In the event that AmBase's motion is granted, AmBase anticipates resting its case on February 20, 2008, but if its motion is denied, AmBase anticipates resting its case on February 22, 2008. The Government anticipates filing a motion for judgment on partial findings pursuant to Rule 52(c) on the day after AmBase rests, suggests that argument on that motion be held the next day, and that the Government open its case, if necessary, the following day. .FDIC does not now anticipate calling any witnesses identified on the final witness lists, but nonetheless reserves the possibility of separately calling a witness as part of FDIC's case.

(c) The Government asks that, because plaintiffs have the burden to offer evidence in the first instance on any issue of potential importance, fundamental fairness requires

that rebuttal should only be permitted if there are matters that plaintiff could not have anticipated before closing its case; and if the Court permits rebuttal, that the scope be limited to these unforeseeable issues. If rebuttal is permitted, the Government asks that it be permitted sur-rebuttal as a matter of course to address matters raised in rebuttal and notes that Ambase agrees with this proposal.

Although AmBase does not at this point consider it likely that it will need to put on a rebuttal case, AmBase believes that it would be counterproductive and potentially inefficient to attempt to establish, ahead of trial and in a vacuum, a hard and fast rule governing rebuttal and sur-rebuttal. The Government's proposed rule would likely lead to inefficiencies and a waste of the parties' and the Court's resources as (1) the parties could end up devoting time that could otherwise be used for trial to fights about whether a proposed matter for rebuttal "could have been anticipated" earlier; and (2) AmBase could potentially be forced to err on the side of caution by "overtrying" its case in chief in anticipation of matters that the Government could conceivably raise. AmBase believes that the fact that it bears the burden of proof on damages and must therefore seek to survive a likely Rule 52(c) motion by the Government at the close of its case, as well as the fact that any time spent on rebuttal would count against its proposed 40-hour time limit, protect against any potential abuse by AmBase of its ability to present a rebuttal case. AmBase agrees with the Government that if rebuttal is permitted, the Government should be permitted sur-rebuttal as a matter of course to address matters raised in rebuttal, subject to the 40-hour time limit discussed above.

(d) The Government suggests that housekeeping discussions, evidentiary

rulings, opening statements, 52(c) arguments, and closings should not count against a party's time. The Government and the FDIC also suggest that opening statements should be limited to one hour per party.

AmBase agrees that housekeeping discussions and evidentiary rulings should not count against a party's time, but believes that all other matters, including opening statements, extended evidentiary arguments, Rule 52(c) arguments, and closing arguments, should count against a party's time. AmBase suggests that opening statements should be limited to two hours per party.

(e) The Government believes that expert reports should only be admitted as demonstratives but not as evidence. FDIC agrees with this request. AmBase opposes this request.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

KENNETH M. DINTZER
Assistant Director

/s/ David A. Levitt by Arlene Groner

DAVID A. LEVITT
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Tel: (202) 307-0309
Fax: (202) 514-7969

Attorneys for Defendant

Dated: December 14, 2007

OF COUNSEL:

TAREK SAWI
Senior Trial Counsel

ARLENE PIANKO GRONER
ELIZABETH M. HOSFORD
F. JEFFERSON HUGHES
DELISA SANCHEZ
AMANDA TANTUM

Trial Attorneys

/s/ Charles J. Cooper

Charles J. Cooper
*Counsel of Record*

David H. Thompson
Vincent J. Colatriano
Jesse Panuccio

COOPER & KIRK, PLLC
1523 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 220-9600
Facsimile: (202) 220-9601

(Attorneys for Plaintiffs)

Dated: December 14, 2007

/s/ Andrew Gilbert

ANDREW GILBERT
Federal Deposit Insurance Corporation
550 17th Street NW Room 3060
Washington, D.C. 20429
Tel: 202.898.3871
Fax: 202.898.3908

(Attorney for Plaintiff-Intervenor)

Dated: December 14, 2007

CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of December 2007, "JOINT PRELIMINARY TRIAL SCHEDULE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Arlene Pianko Groner
ARLENE PIANKO GRONER