**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AMBASE CORPORATION AND CARTERET BANCORP, INC., Plaintiffs, and FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff-Intervenor, v. UNITED STATES OF AMERICA, Defendant. | ) | Civil Action No. 93-531 (Judge Loren Smith) |

**PLAINTIFF'S MOTION TO DESIGNATE**
**<u>DEPOSITION TESTIMONY FOR TRIAL</u>**

Pursuant to FED. R. EVID. 801(d), RCFC 32, and RCFC Appendix A, ¶ 15(b), Plaintiffs AmBase Corporation and Carteret Bancorp, Inc. ("AmBase") hereby move for leave to file excerpts of deposition testimony for use as substantive evidence in the upcoming trial in this case. Specifically, AmBase wishes to use the following portions of the following depositions:

| | |
|---|---|
| Thomas O'Rourke | 5:24-6:1; 7:8-7:15; 8:8-8:10; 31:11-34:1; 36:5-38:5; 39:23-41:11; 70:25-71:20; 104:19-104:25; 147:22-148:2; 151:12-151:24; 186:2-188:5; 194:13-195:14; 198:1-201:12; 204:11-205:6 (excerpts attached at Tab A) |
| Michael Finn | 3:6-3:10; 4:20-6:10; 9:10-11:15; 43:6-43:10; 64:19-65:13; 239:17-241:23; 249:4-250:16; 252:10-253:15 (excerpts attached at Tab B) |
| Brian Dittenhafer | 8:2-9:13; 20:17-22:14; 28:13-29:23; 59:4-60:8; 84:14-85:21; 110:5-111:3; 127:15-129:11; 146:18-147:22; 154:10-155:19; 182:22-184:5 (excerpts attached at Tab C) |
| William Day | 4:8-4:12; 6:20-6:25; 63:18-64:1; 69:1-69:6; 89:7-90:4; 91:25-93:9; 94:9-97:14; 116:10-117:15; 123:1-123:15; 139:2-140:21; 178:5-180:22; 184:8-185:3; 232:24-233:22; 234:19-236:10; 253:1-253:17; 277:16-279:19; 281:1-281:22; 308:20-315:12; 321:25-322:11; 337:6-344:20 (excerpts attached at Tab D) |
| Herbert Held | 11:3-11:8; 18:7-20:9; 69:3-69:8; 70:3-71:14; 112:15-114:10; 116:17-117:9; 120:15-121:19; 123:13-124:20; 146:3-148:24; 150:2-151:23 (excerpts attached at Tab E) |
| Edward Griffin | 13:10-13:14; 20:6-21:13; 41:1-41:8; 163:23-165:14 (excerpts attached at Tab F) |

| | |
|---|---|
| Steven Johnston | 7:23-8:6; 20:7-20:17; 32:10-34:19; 35:15-36:23; 38:4-42:21; 46:10-49:4; 60:7-61:3 (excerpts attached at Tab G) |
| Elaine Tama | 15:3-15:7; 16:2-16:5; 84:12-87:1; 112:18-114:2; 114:3-118:1; 119:10-122:14 (excerpts attached at Tab H) |
| Joseph Kehoe | 8:13-8:19; 47:1-48:23 (excerpts attached at Tab I) |
| Wayne Green | 7:9-7:13; 8:24-9:18; 14:12-24:9; 28:15-48:17; 61:8-67:10; 68:24-75:23; 77:2-94:4; 95:14-95:19; 97:21-131:21; 134:15-137:21; 138:8-141:8; 157:21-158:8; 159:24-160:23; 166:1-167:6; 186:11-191:18; 197:3-199:13; 227:6-238:21; 239:24-243:22; 246:12-248:24; 250:16-251:25; 255:2-259:8; 263:19-266:5; 269:17-271:8; 273:20-274:6; 277:17-278:2; 289:14-296:6; 305:2-305:11; 307:1-307:19; 311:20-320:22; 322:14-323:7; 350:5-350:15; 353:4-358:12; 361:15-365:6; 424:11-429:21; 432:5-436:3; 447:20-451:20; 456:21-457:16; 471:4-473:14; 475:6-486:24; 490:11-491:15; 508:17-510:4; 517:23-521:3; 531:12-532:8; 560:9-562:16 (excerpts attached at Tab J) |
| Karen Hughes | 10:11-10:15; 11:13-18:10; 19:14-20:23; 25:25-29:7; 30:13-31:7; 31:21-32:7; 58:6-61:17; 73:15-77:16; 80:17-87:24; 92:19-95:4; 96:10-96:23; 99:16-100:8; 101:8-101:19; 107:14-110:12; 111:20-113:1; 119:12-120:23; 121:14-124:21; 128:10-128:18; 129:25-131:12; 131:22- |

| | |
|---|---|
| | 137:16; 142:6-144:17; 144:24-149:7; 165:3-166:6; 185:13-186:14; 192:6-195:3; 220:17-227:2 (excerpts attached at Tab K) |
| Michael Saran | 7:14-7:18; 8:10-10:23; 14:3-16:21; 19:17-20:13; 24:17-26:8; 69:18-71:14; 73:8-73:22; 75:14-77:18; 78:25-86:17; 88:4-88:10; 94:2-94:13 (excerpts attached at Tab L) |
| Michael Simone | 8:13-8:15; 19:9-19:11; 42:10-42:21; 58:9-60:16; 78:24-80:14; 105:1-105:21; 106:12-106:19; 113:12-113:18; 116:3-117:7; 117:18-118:3; 122:5-123:12; 124:1-126:6; 130:8-131:4 (excerpts attached at Tab M) |
| James Mindnich | 9:1-9:8; 12:18-16:17; 20:4-20:15; 35:2-35:10; 36:5-39:11; 155:23-156:4; 157:6-162:25; 183:8-184:22 (excerpts attached at Tab N) |
| Donna Cribbs | 5:14-5:15; 39:8-39:18; 39:24-50:25; 104:5-104:11 (excerpts attached at Tab O) |
| Gloria Maligaya | 10:25-17:8; 19:18-20:5; 64:24-66:3; 67:3-72:3; 80:16-81:4; 82:7-84:1 (excerpts attached at Tab P) |
| Russell Meyer | 5:13-5:16; 6:6-6:9; 13:4-13:7; 15:6-15:22; 30:10-30:24; 42:24-43:11; 55:3-55:8; 71:20-72:20; 76:8-76:18; 76:19-78:14; 83:25-85:17; 95:18-96:9; 100:6-100:19; 97:4-97:18; 104:6-104:10; 108:17-109:3; 109:14-109:22; 110:10-110:12; 112:24-113:11; 118:3-118:7; 130:18-131:2; 132:6-132:20; 134:22-135:4; 137:7-138:24; |

| | |
|---|---|
| | 154:18-155:10; 156:4-156:10; 162:17-164:4; 181:13-181:19; 182:11-182:19; 186:17-187:9; 228:7-228:18; 229:13-229:19; 234:12-234:22 (excerpts attached at Tab Q) |
| Brent Beesley | 12:2-12:4; 22:18-23:3; 32:22-33:17; 41:2-41:6; 43:24-44:4; 45:3-45:30; 55:13-55:21; 62:24-63:7 (excerpts attached at Tab R) |
| Thurman Connell | 35:7-35:15; 71:6-71:23; 76:12-22; 85:7-86:4; 119:24-120:11; 392:12-393:8; 416:5-416:19; 426:17-426:25 (excerpts attached at Tab S) |
| Robert Albanese | 5:20-5:22; 21:3-21:13; 47:13-47:17; 57:9-57:14; 71:2-71:7; 75:25-76:8; 76:19-77:8; 78:7-78:21; 79:18-79:23; 91:1-91:19; 99:4-100:10; 106:5-106:22; 114:11-114:13; 114:14-116:14; 118:15-119:15; 120:7-121:21; 125:11-125:19; 130:22-131:16; 139:18-140:3; 143:10-143:16; 154:24-155:5; 155:7-156:6; 157:13-158:24; 159:20-161:15 (excerpts attached at Tab T) |
| Angelo Vigna | 60:18-60:21; 70:21-70:25; 71:1-71:6; 71:15-71:16; 79:4-79:7; 79:19-79:25; 80:1-80:14; 81:10-81:15; 82:22-82:25; 83:1-83:18; 90:7-90:25; 91:1-91:8; 96:22-96:25; 97:1-97:2; 102:6-102:11; 104:13-104:25; 105:1-105:6; 105:19-105:25; 106:1-106:8; 106:18-106:25; 107:1-107:14; 109:17-109:25; 110:1-110:25; 113:15-113:25; 114:1; |

| | |
|---|---|
| | 113:12-113:20; 114:19-114:25; 115:1-115:13; 117:21-117:23; 120:3-120:9; 127:5-127:15, 25; 128:1-128:25; 129:1-129:17; 130:15-130:22; 138:24-138:25; 139:1-139:17; 140:5-140:25; 141:1-141:6; 143:22-143:24; 144:5-144:11; 149:11-149:21; 151:20-151:23; 152:1-152:3; 153:18-153:22; 154:3-154:8; 154:11-154:25; 155:1-155:25; 156:12-156:20; 158:6-158:16; 159:18-159:25 (excerpts attached at Tab U) |
| James Vortriede | 35:20-36:4; 43:19-44:20; 46:4-46:8; 56:7-56:22; 71:12-72:21; 59:1-59:16; 78:7-78:18; 80:5-80:15; 81:15-81:25; 84:6-85:15; 86:24-94:5; 95:12-98:10; 99:17-100:6; 100:7-100:12; 100:15-100:24; 104:3-104:13; 105:12-105:23; 107:13-108:1; 109:16-109:23; 112:8-112:20; 113:16-114:10; 115:6-115:9; 116:21-117:4; 134:7-135:1; 138:6-138:10; 139:8-139:22; 140:10-141:18; 154:21- 157:9; 164:7-167:21; 175:9-175:15; 220:13-221: 4; 230:4-233:14; 275:6-275:18; 287:3-288:4; 295:8-295:11; 310:9-314:15; 314:21-316:4; 324:12-324:18; 325:7-326:25; 327:9-329:4; 331:10-332:4; 332:5-333: 2; 333:3-333:21; 335:4-335:21; 342:7-342:22; 342:24-344:4; 351:10-351:18; 353:9-356:3; 361:5-362:23; 383:18-388:1; 389:20-390:2 (excerpts attached at Tab V) |

All of the deposition testimony identified above is admissible under one or more of the following provisions: (1) FED. R. EVID. 801(d)(2)(D); (2) RCFC 32(a)(2); and (3) RCFC 32(a)(3)(E).[1]

**DISCUSSION**

## I. Legal Requirements for Admissibility

### A. Federal Rule of Evidence 801(d)(2)(D)

FED. R. EVID. 801(d) provides, in relevant part:

(d) Statements which are not hearsay. A statement is not hearsay if—

. . . .

> (2) Admissions by party-opponent. The statement is offered against a party and is . . . (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship. . . .

Deposition testimony satisfying the requirements of this rule need not "fall within a provision of RCFC 32 to be admissible," *Globe*, 61 Fed. Cl. at 95 (quotation marks omitted), for "Fed. R. Evid. 801(d)(2) provides an independent ground for admission of deposition testimony." *Id*. at 96.

---

[1] RCFC Appendix A, ¶ 15(b) does not require AmBase to move at this time for leave to use deposition testimony that is admissible under FED. R. EVID. 801(d)(2)(E). *See* RCFC Appendix A, ¶15(b) ("Any party intending to present substantive evidence by way of deposition testimony, *other than as provided by Fed. R. Evid. 801(d)*, shall serve and file a separate motion for leave to file the transcript of such testimony.") (emphasis added); *Globe Sav. Bank, F.S.B. v. United States*, 61 Fed. Cl. 91, 96 (2004) (noting that "this Court's case management procedures . . . specify that a separate motion be filed for admission of a deposition pursuant to RCFC 32(a) but not under Fed. R. Evid. 801(d)(2)"). *See also* Order Granting-In-Part Plaintiff's Motion to Admit Deposition Testimony as Substantive Evidence at 2-4, *Anchor Sav. Bank v. United States*, No. 95-39C (Fed. Cl. May 17, 2005) ("*Anchor* Order") (attached at Tab W). For the convenience of the Court, however, AmBase has included in this motion a discussion of deposition testimony that it has thus far identified as testimony that it seeks to use at trial pursuant to FED. R. EVID. 801(d). AmBase nevertheless reserves the right to move for leave to designate additional deposition testimony that may be admissible under FED. R. EVID. 801(d).

In *Northeast Savings, F.A. v. United States*, No. 92-550C—in which undersigned counsel served as counsel of record for plaintiff—Judge Williams granted plaintiff's motion to designate deposition testimony under all three categories discussed herein as to all but one witness.

*See also* RCFC 32(a)(1) ("Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, *or for any other purpose permitted by the Federal Rules of Evidence*.") (emphasis added); *Anchor* Order at 4-6. Thus, so long as AmBase can demonstrate that designated deposition testimony satisfies the requirements of this rule, it may be admitted as evidence at trial. *See Long Island Sav. Bank, F.S.B. v. United States*, 63 Fed. Cl. 157, 163-65 (2004); *Globe,* 61 Fed. Cl. at 94-97; *Anchor* Order at 4-6.

"It is a widely accepted rule that admissions of a party-opponent under Rule 801(d)(2) are accorded generous treatment in determinations of admissibility." *Globe,* 61 Fed. Cl. at 96 (quotation marks omitted). Deposition testimony may be used at trial as the admission of the United States as party-opponent under FED. R. EVID. 801(d)(2)(D) so long as it meets three requirements. First, the testimony must be "offered against a party, in this case the United States" and consist of "statements by the party's agent or servant." *Long Island Sav. Bank*, 63 Fed. Cl. at 164 (quotation marks omitted). Such statements need not be "against interest" or "inculpatory," however. *Globe*, 61 Fed. Cl. at 97.

Second, the agent or servant's statement "must concern[] a matter within the scope of the agency or employment." *Long Island Sav. Bank*, 63 Fed. Cl. at 164 (quotation marks omitted) (alteration in original). This requires only "that the subject matter of the admission match the subject matter of the employee's job description." *Id*. (quotation marks omitted).

Finally, the deponent's statement must have been made "during the existence of [his] relationship with the United States." *Id*. at 164-65 (quotation marks omitted). "There is no requirement," however, "that the particular agency at which a deponent was employed at the time of the deposition match the subject matter of the admissions," for "[t]he party-opponent is the United States, not a particular agency." *Id*. at 165 Thus, as long as the deponent is employed or

retained by the United States at the time of the deposition, the deponent's statements may constitute admissions against the United States with respect to the subject matter of any federal capacity in which the deponent was previously retained or employed.

Deposition testimony satisfying these requirements is admissible as substantive evidence without further showing. Thus, for example, the plaintiff "need not demonstrate that any of the declarants whose deposition testimony it seeks to admit at trial pursuant to Fed. R. Evid. 801(d)(2)(D) will be unavailable as witnesses at trial." *Id*. at 164; *accord Globe*, 61 Fed Cl. at 95.

**B. RCFC 32(a)(2)**

As relevant here, RCFC 32(a)(2) provides that "[t]he deposition of . . . anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under RCFC 30(b)(6) … to testify on behalf of a . . . governmental agency which is a party may be used by the adverse party for any purpose." This provision "should be liberally construed" in favor of admitting testimony. *Globe*, 61 Fed. Cl. at 98 (quotation marks omitted). A deponent is considered an officer, director, or managing agent of the United States if he "had decision-making authority within the pertinent governmental agency at a key time and kept a responsible position within the agency or at a successor or sister agency at the time of the deposition." *Id*. (quotation marks omitted). This inquiry "requires a determination of what the employee actually did, rather than what title or position she held." *Id*. (quotation marks omitted). "[O]f particular importance" is "whether the employee's authority included exercising his or her personal discretion in making decisions without obtaining additional authorization from superiors." *Id*. (quota-

tion marks omitted).[2] Unlike FED. R. EVID. 801(d)(2)(D), which "provides specifically for the admission of a statement by a party's *agent or servant* concerning a matter *within the scope of the agency or employment* . . . , *Rule 32(a)(2)* is not so limited." *Id*. at 96 (quotation marks omitted) (second emphasis added).

**C. RCFC 32(a)(3)(E)**

Rule 32(a)(3) provides in relevant part as follows:

> The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
> . . . .
> (E) upon application and notice, that the witness is at a greater distance than 100 miles from the place of trial or hearing, unless the court also finds (i) that the absence of the witness was procured by the party offering the deposition or (ii) that it is not in the interest of justice, with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used. . . .

In interpreting the analogous provision of the Federal Rules of Civil Procedure, courts have explained that "the admissibility of depositions under the 100 mile provision of Rule 32 is not dependent on the subpoena power of the court." *United States v. International Bus. Machs. Corp.*, 90 F.R.D. 377, 380 (S.D.N.Y. 1981). Rather, "the mere absence of the deponent from the 100-mile area is sufficient, and the party attempting to submit the deposition into evidence need not proffer an excuse for the failure of the deponent to appear in court." *Houser v. Snap-on*

[2] In applying the analogous provision of the Federal Rules of Civil Procedure, courts have considered the following factors in determining whether a deponent is an officer, director, or managing agent of a corporate party: whether the deponent is "invested by the corporation with general powers to exercise his judgment and discretion in dealing with corporate matters"; whether the deponent "could be depended upon to carry out his employer's direction to give testimony at the demand of a party engaged in litigation with the employer"; whether the deponent "can be expected to identify himself with the interests of the corporation rather than with those of other parties"; "whether any persons are employed by the corporation in positions of higher authority than the individual designated in the area for which information is sought by the deposition"; and "the general responsibilities of the individual respecting the matters involved in litigation." *Id*. at 97 n.10 (quotation marks omitted).

*Tools Corp.*, 202 F. Supp. 181, 189 (D. Md. 1962); *accord International Bus. Machs. Corp.*, 90 F.R.D. at 380 n.5. Indeed, if this were not the case, it would be difficult to understand why RCFC 32 (which applies *only* in this Court) includes a 100-mile provision at all. Given that this Court has nationwide subpoena power and RCFC 32(a)(3)(D) expressly allows the introduction of deposition testimony where "the party offering the deposition has been unable to procure the attendance of the witness by subpoena," such logic would render Rule 32(a)(3)(E) superfluous.

In applying the 100-mile rule, this Court may "properly t[ake] judicial notice" of the relevant geographical distances. *Hartman v. United States*, 538 F.2d 1336, 1346 (8th Cir. 1976).

## II. The Designated Deposition Testimony Is Admissible.

### A. The Tama, Hughes, O'Rourke, Finn, Day, Green, Saran, Simone, Meyer, Held, Kehoe, Johnston, Albanese, and Vortriede Depositions Are Admissible Under Fed. R. Evid. 801(d) and RCFC 32(a)(1).

The Tama, Hughes, O'Rourke, Finn, Day, Green, Saran, Simone, Meyer, Held, Kehoe, Johnston, Albanese, and Vortriede depositions all qualify as party admissions under Rule 801(d), as they all easily satisfy the criteria for admissibility under that Rule. AmBase seeks to offer the deposition testimony against a party and the testimony consists of "statements by the party's agent or servant." *Long Island Sav. Bank*, 63 Fed. Cl. at 164 (quotation marks omitted). In addition, as the attached excerpts make clear, the testimony was made during the existence of the deponents' relationships with the government, and concerns matters falling squarely within the deponents' scope of employment. *Id.* At the time of their depositions, Messrs. O'Rourke, Finn, Simone, Meyer, Albanese, and Kehoe were all senior officials with the Office of Thrift Supervision: Thomas O'Rourke was an OTS senior examiner; Michael Finn was a Capital Markets Analyst; Michael Simone was Regional Deputy Director for Operations, Northeast Region; Russell Meyer was an OTS Examiner in Charge; Robert Albanese was the Regional Deputy Director;

and Joseph Kehoe was a field manager. The testimony of these officials relates directly to matters involving the OTS's regulation, supervision, and examination of Carteret, the financial condition of Carteret at the time of seizure, and the effect of the government's breach on Carteret's regulatory capital, financial condition, and operations.

Similarly, at the time of his deposition, William Day was an examiner for the Federal Deposit Insurance Corporation. Mr. Day's testimony relates directly to matters involving the FDIC's examination of Carteret's operations and financial condition.

Karen Hughes, Wayne Green, James Vortriede, Steven Johnston, and Michael Saran were all officials with the FDIC at the time of their depositions. Ms. Hughes was the Deputy Director and Controller for the Division of Finance. Mr. Green was the Senior Receivership Liability Accountant. Mr. Vortriede was a senior tax official at the FDIC and his title was Senior Financial Management Analyst. Moreover, Messrs. Green and Vortriede were the FDIC's 30(b)(6) witnesses who were designated by the FDIC to testify on its behalf with respect to, among other topics, receivership accounting and receivership tax issues that are directly relevant to the receivership deficit issues in this case. Mr. Johnston was a senior official with the FDIC's Division of Finance at the time of his deposition. Mr. Saran was a senior attorney for the FDIC's New York Regional Office. The testimony of these officials relates to conservatorship and receivership accounting generally and to the estimation of and accounting for assets and liabilities (including tax liabilities) of the Carteret conservatorship and receivership.

Herbert Held was, at the time of his deposition, the Assistant Director in the Division of Resolutions and Receiverships and Franchise and Asset Marketing Branch of the FDIC. His testimony relates to the operation of the Minority Preference Program.

Elaine Tama was, at times relevant to this action, an employee of the RTC and FDIC. At the time of her deposition, Elaine Tame served as an auditor at NASA, a United States agency. Her testimony relates directly to auditing functions: matters pertaining to conservatorship and receivership accounting generally, matters pertaining to the estimation of and accounting for assets and liabilities of the Carteret conservatorship and receivership, and Carteret's tax liability.

Thus, there can be no doubt that the testimony of these witnesses concerns matters within the scope of their employment. Accordingly, the testimony is admissible under Rule 801(d) and RCFC 32(a)(1).

### B. The Hughes, O'Rourke, Finn, Day, Green, Saran, Simone, Meyer, Held, Kehoe, Johnston, Vortriede, and Albanese Depositions are Admissible Under RCFC 32(a)(2).

RCFC 32(a)(2) provides an independent basis for the admission of the designated deposition testimony of Hughes, O'Rourke, Finn, Day, Green, Saran, Simone, Meyer, Held, Kehoe, Johnston, Vortriede, and Albanese. As the discussion above, as well as the deposition designations themselves, make clear, each of these witnesses held important positions with significant decision-making authority—they were much more than mere employees. Rather, at the time of their depositions they had and exercised significant decision-making authority on matters relating directly to the supervision and regulation of thrift institutions and/or receiverships. The substantive responsibilities that each witness possessed and exercised establish that they should be considered to be officers, directors, or managing agents of the United States within the meaning of RCFC 32(a)(2). Moreover, the deposition testimony of Messrs. Vortreide and Green is independently admissible under RCFC 32(a)(2) because, as noted above, the FDIC designated them to be its witnesses under RCFC 30(b)(6).

### C. Many of the Depositions Are Also Admissible Under RCFC 32(a)(3)(E).

Finally, much of the deposition testimony at issue is independently admissible under RCFC 32(a)(3)(E), as the depositions themselves establish, or as on information and belief, the deponents are at a greater distance than 100 miles from Washington, D.C.[3] Thomas O'Rourke's last known address is in Centerville, Pennsylvania. Michael Finn's last known address is in Hoboken, NJ. William Day's last known address is in Newton, NJ. Wayne Green's last known address is in Dallas, Texas. Michael Saran's last known address is in New York City, New York. Michael Simone's last known address is in Wayne, NJ. Russell Meyer's last known address is in Belford, NJ. Steven Johnston's last known address is in Dallas, Texas. Thurman Connell's last known address is in Atlanta, Georgia. Brian Dittenhafer's last known address is in Melbourne, Florida. Edward Griffin's last known address is in Little Silver, NJ. James Mindnich's last known address is in Manasquan, NJ. Donna Cribbs' last known address is in Atlanta, Georgia. Gloria Maligaya's last known address is in Allentown, Pennsylvania. Robert Albanese's last known place of residence is in New Jersey. James Vortriede's last known address is in or around Dallas, Texas. Brent Beesley is retired from government service and lives in Utah. Similarly, Angelo Vigna is retired from government service and resides in the New York area.[4]

This Court properly may take judicial notice that the deponents are more than 100 miles from the Court. *See Hartman*, 538 F.2d at 1346. Accordingly, the designated portions of the

---

[3] With the exception of Mr. Dittenhafer, our understanding of the deponents' location is based either on (1) representations made by the government in its preliminary witness list; (2) the witnesses' deposition testimony regarding their home or business address; or (3) when there was no such testimony, the location of the deposition itself. Our understanding of the location of Mr. Dittenhafer is based on internet research.

[4] Joseph Kehoe's deposition does not indicate a place of residence. Because the deposition was held in Philadelphia, Pennsylvania, however, it is reasonable to assume that he resides more than 100 miles from the District of Columbia. Regardless, Mr. Kehoe's testimony is admissible under Fed. R. Evid. 801(d) and RCFC 32(a)(2).

deposition testimony of each of these deponents is "freely admissible" under RCFC 32(a)(3)(E). *Klepal v. Pennsylvania R. Co.*, 229 F.2d 610, 612 (2d Cir. 1956). Moreover, it is worth noting that all of these witnesses are current or former senior officials of the government (including the FDIC); neither the government nor the FDIC can legitimately claim that these witnesses are biased in AmBase's favor or that live testimony is required to assess their demeanor or credibility. In light of this fact, as well as the fairly limited (though important) nature of the deposition testimony that AmBase seeks to admit, the government cannot meet its burden of establishing that it is "in the interest of justice," RCFC 32(a)(3)(E), to require these witnesses, many of whom are retired, to travel to Washington, D.C. to present live testimony.

## CONCLUSION

For the foregoing reasons, AmBase respectfully requests that the Court enter an order admitting the deposition testimony identified herein as substantive evidence at trial.

Respectfully submitted,

/s/ Charles J. Cooper
Charles J. Cooper
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
*Counsel of Record*

Of Counsel:

Vincent J. Colatriano
David H. Thompson
Jesse Panuccio
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)

Dated: December 21, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of December 2007, I caused to be served by the Court's electronic filing system copies of the foregoing on the following counsel:

David Levitt, Esq.
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
1100 L Street, N.W.—Room 12006
Attn: Classification Unit—8th Floor
Washington, DC 20530

Andrew Gilbert, Esq.
FDIC Legal Division
550 17th Street, N.W.
Room 2098
Washington, DC 20429

/s/ Jesse Panuccio
Jesse Panuccio