# United States Court of Federal Claims

No. 95-39 C
May 17, 2005

**Anchor Savings Bank, FSB,**

***Plaintiff,***

**v.**

**United States of America,**

***Defendant.***

## ORDER GRANTING-IN-PART PLAINTIFF'S MOTION TO ADMIT DEPOSITION TESTIMONY AS SUBSTANTIVE EVIDENCE

On April 14, 2005 plaintiff filed a motion for leave to present substantive evidence at trial by way of the deposition testimony of five government employees: Walter Amend, Martin Lavelle, James Meyer, Edward O'Connell, and Michael Simone. Plaintiff contends that the discreet portions of the deposition testimonies it seeks to introduce all regard matters that were within the scope of the individual deponents' employment with the government. Accordingly, plaintiff invokes Rule 801(d) of the Federal Rules of Evidence, incorporated by reference into Rule 32(a)(1) of the Rules of the Court of Federal Claims, as the basis for admission. Despite a well-established body of law that supports plaintiff's position, defendant has broadly objected to the plaintiff's motion. With one exception, defendant's objections do not accord with the rules of this court, the Federal Rules of Evidence, or persuasive case law from this court directly on point.

Deposition testimony is generally inadmissible at trial because, in many (if not most) circumstances it is hearsay.[1] However, the Federal Rules of Evidence identify certain types of statements that, although made by a declarant outside of trial testimony, are *not* hearsay. *See* Fed. R. Evid. 801(d). Among these "non-hearsay" types of statements are those that fall under the rubric of admissions by a party-opponent, including statements by the agents or employees of a party-opponent. Specifically,

> A statement is *not hearsay* if . . . [t]he statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship. . . . The contents

---

[1] "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).

of the statement shall be considered but are not alone sufficient to establish the . . . agency or employment relationship and scope thereof.

Fed. R. Evid. 801(d)(2) (emphasis added). When these conditions are satisfied, the prior statements (here, deposition testimony) are deemed to be non-hearsay and are admissible at trial (provided, of course, that the statements themselves do not conflict with other applicable rules of evidence).

There are other circumstances in which deposition testimony might be admissible at trial even if the testimony is hearsay, but those circumstances are not governed by Fed. R. Evid. 801(d). Instead, they are *exceptions* to the "hearsay rule" governed by Rule 804. As a predicate to the admissibility of deposition testimony under Rule 804, and unlike the requirements of Rule 801, the party seeking to admit the prior statement must first demonstrate that the declarant is "unavailable" as a witness. *Compare* Fed. R. Evid. 804(b)(1) (noting that deposition testimony is admissible if the declarant is now unavailable as a witness and the party against whom the testimony is now offered had an opportunity and motive to develop the testimony at the time of deposition) *with* Fed. R. Evid. 801 (no requirement of witness unavailability or adverse party's opportunity to develop testimony).

Here, plaintiff clearly relies on Fed. R. Evid. 801(d) as the grounds for admitting portions of the five proffered deposition testimonies. *See, e.g.*, Pl.'s Mot. for Leave to Present Substantive Evidence by Way of Deposition Test., filed Apr. 14, 2005 at 1 ("Accordingly, the depositions are admissible as party admissions under Federal Rule of Evidence 801(d)(2)(D) and RCFC 32(a)(1)."). Therefore, provided plaintiff can demonstrate that the designated portions of the depositions satisfy the conditions of Rule 801(d), that testimony would ostensibly be admissible at trial. *See* Fed. R. Evid. 801(d); RCFC 32(a)(1).

*1. Plaintiff's Motion Was Not Untimely*

Defendant's first challenge to plaintiff's motion is that it is untimely because this court ordered that any motions plaintiff filed pursuant to RCFC Appendix A, ¶ 15 be filed no later than March 1, 2005. *See* Initial Pre-Trial Scheduling Order, filed January 14, 2005, at ¶ 4. Defendant contends that plaintiff's instant motion was filed six weeks after this deadline and therefore failed to conform to the court's order. This argument, however, wholly overlooks the fact that plaintiff's instant motion is not the type of motion filed pursuant to ¶ 15.

Paragraph 15 by its own terms does not apply to deposition testimony that is presented at trial pursuant to Fed. R. Evid. 801(d), *i.e.*, deposition testimony that is characterized as *non-hearsay* (and includes statements by the agent or employee of a party-opponent). *See* RCFC App. A, ¶ 15(b) ("Any party intending to present substantive evidence by way of deposition testimony, *other than as provided by Federal Rule of Evidence 801(d)*, shall serve and file a separate motion for leave to file the transcript of this testimony.") (emphasis added). Defendant's citation to ¶ 15 in its opposition to plaintiff's motion conspicuously overlooks this qualification of ¶ 15's scope.[2] *See*

[2] The emphasized language of ¶ 15 above is specifically called to the parties' attention to illustrate a fundamental point that the court hopes to impress upon counsel. Defendant's brief in opposition to plaintiff's motion quotes ¶ 15 to support its arguments. *See* Def.'s Opposition at 4. However,

Def.'s Opposition to Pl.'s Mot. at 4.

defendant has substituted an ellipse ("...") for the language the court emphasized above—notably, the specific language which instructs that ¶ 15 shall not apply to statements presented under Federal Rule of Evidence 801(d). In this case, that substitution obfuscated the provision of the court's rules that is most relevant to defendant's argument. For completeness, RCFC Appendix A, ¶ 15(b) states that:

> Any party intending to present substantive evidence by way of deposition testimony, *other than as provided by Federal Rule of Evidence 801(d)*, shall serve and file a separate motion for leave to file the transcript of this testimony. The motion shall show cause why the deposition testimony should be admitted and identify specifically the portions of the transcripts(s) the party intends to use at trial. *See* RCFC 32(a)(2) & (3). If the motion is granted, only those portions of the transcript may be filed.

RCFC App. A, ¶ 15 (emphasis added). Clearly, if deposition testimony is offered under the provisions of Federal Rule of Evidence 801(d), then the party is not required to file a ¶ 15 motion for leave to file the transcript of that testimony. In such a case, ¶ 15 simply does not apply.

Defendant's omission—and replacement with an ellipse indicating the omission—is critical because the substitution of an ellipse for other language is a deliberate act. It would be one thing here if defendant had merely failed to identify the relevant, on point, provision in this court's rules. That alone might be forgivable as a mere oversight. It might be excusable if defendant had perhaps misinterpreted an ambiguous provision in this court's rules. However, it is an entirely different matter where, as here, defendant has gone out of its way to *remove* the relevant language and *replace* it with an ellipse. In that situation, counsel's conduct borders upon flagrant violation of this court's Rule 11. In part, that rule states: "By presenting to the court a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation [and] the . . . legal contentions therein are warranted by existing law." RCFC 11(b).

Zealous advocacy on behalf of an attorney's client is a commendable practice and quarrels in litigation resulting from good-faith differences between the parties are the standard. However, there is a line in the sand that the parties must not cross; for if they do, it is at their own peril. This court *does* not and *will* not tolerate scorched-earth litigation tactics that not only have no basis in the applicable law, but also implicitly ignore or deliberately mischaracterize what the law actually is in an attempt to either mislead the court or unnecessarily antagonize opposing counsel. Such behavior is manifestly unprofessional, violates the rules of this court, and is sanctionable under Rule 11. *See, e.g., Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1204 n.6 (Fed. Cir. 2005) (noting that substituting an ellipse for a controlling portion of a quoted opinion "misquotes the opinion" and that "such misrepresentations are sanctionable"); *Precision Specialty Metals, Inc. v. United States*, 315 F.3d 1346, 1353-57 (Fed. Cir. 2003) (affirming sanctions against an attorney who had, "in quoting from and citing published opinions, . . . distorted what the opinions stated by leaving out significant portions of the citations or cropping one of them, and failed to show that she and not the court ha[d] supplied the emphasis in one of them").

Since ¶ 15 does not address deposition testimony of the type here that is offered under Fed. R. Evid. 801(d), plaintiff was not obligated to file a ¶ 15 motion by March 1. *See also Globe Savings Bank, FSB v. United States*, 61 Fed. Cl. 91, 96 (2004) ("That the requirements of Fed. R. Evid. 801(d)(2) are independent of those of RCFC 32(a) is also indicated in this court's case management procedures, which specify that a separate motion be filed for admission of a deposition pursuant to RCFC 32(a) but not under Fed. R. Evid. 801(d)(2)."). If there was any need for plaintiff to file the instant motion at all, it would fall under the classification of an "Other Pre-Trial Motion" that the Pre-Trial Scheduling Order required plaintiff to file no later than April 14, 2005, which it did. *See* Initial Pre-Trial Scheduling Order at ¶ 7.

*2. Plaintiff Is Not Required to Demonstrate the "Unavailability" of the Deponents*

The second challenge that defendant raises to plaintiff's motion is that plaintiff has purportedly failed to "show 'cause' for using the designated depositions as substantive evidence." Def.'s Opposition at 4. Defendant again relies on RCFC App. A, ¶ 15, which requires that the attendant motion "shall show cause why the deposition testimony should be admitted." As noted above, however, ¶ 15 does not apply to deposition testimony proffered under the guise of Fed. R. Evid. 801(d). Plaintiff is therefore under no ¶ 15 obligation to "show 'cause'" and Rule 801(d) itself contains no such requirement.

Notwithstanding the fact that ¶ 15 simply does not apply to plaintiff's instant motion, defendant challenges that plaintiff has failed to show whether any of the five individuals whose deposition testimony it seeks to introduce as substantive evidence will be "unavailable" for trial. Def.'s Opp. at 4. As noted above, however, the Federal Rules of Evidence do not require a party to demonstrate a declarant's "unavailability" when introducing out-of-court statements that are deemed to be non-hearsay under Rule 801(d). *See* Fed. R. Evid. 801(d). Unavailability is only required when such statements, including deposition statements, are presented as evidence under one of the "exceptions" to the hearsay rule. *See* Fed. R. Evid. 804. This identical issue was taken up persuasively by two other recent *Winstar* opinions in this court, *Globe Savings*, 61 Fed. Cl. at 94-95 and *Long Island Savings Bank, FSB v. United States*, 63 Fed. Cl. 157 (2004). The analyses embodied in these opinions are thorough, persuasive, and accurate statements of the law and entirely consistent with this court's own interpretation of the Federal Rules of Evidence.

*3. If the Depositions Are Admissible under the Federal Rules of Evidence, Then There Are No Other Requirements for Admissibility under RCFC 32*

Defendant also invokes RCFC 32(a)(3) to preclude plaintiff's proffered deposition testimony because, in the alternative to not demonstrating the declarants' "unavailability," plaintiff has not shown that "exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court" to admit the deposition testimony. Def.'s Opposition at 4 (quoting RCFC 32(a)(3)). As the court noted above, however, if plaintiff's proffered deposition testimony satisfies the requirements of Federal Rule of Evidence 801(d) then the evidence is admissible and the court need not resort to the catch-all provision in Rule 32(a)(3) to evaluate the admissibility of the proffered evidence.

The use of depositions in proceedings before the Court of Federal Claims is governed by RCFC 32. Rule 32(a), in turn, establishes a series of alternative criteria in which deposition testimony may be used:

> At the trial . . . any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, *in accordance with* _**any**_ *of the following provisions*:
>
> (1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, *or for any other purpose permitted by the Federal Rules of Evidence.*

RCFC 32(a) (emphasis added). Therefore, if deposition testimony is admissible under a particular rule of the Federal Rules of Evidence, it satisfies the rules of this court and is admissible at trial. Since plaintiff's proffered evidence is arguably admissible under the provisions of Rule 801(d), it would be admissible at trial under Rule 32(a) if it satisfies the relevant standards under the Federal Rules of Evidence.

Rule 32 contains other provisions that permit the admission of deposition testimony at trial, but these provisions are alternatives to Rule 32(a)(1). The alternative provisions act independent of the Federal Rules of Evidence and do not impose additional burdens upon the party seeking to introduce deposition testimony that is already admissible under the Federal Rules and, therefore, Rule 32(a)(1). This is apparent from the language in RCFC 32(a), which instructs that deposition testimony is admissible if it is "in accordance with *any* of the following provisions"--it does not require compliance with all of them, or more than one of them.

Defendant's argument, however, would have this court invoke one of those alternative provisions of Rule 32 even though Rule 32(a)(1)--admissibility under the Federal Rules of Evidence --is already satisfied. Indeed, defendant's contention that plaintiff must demonstrate "exceptional circumstances" in the absence of establishing "unavailability" relies on a catch-all provision that Rule 32 provides in the event that no other enumerated ground for admissibility in Rule 32(a) can be satisfied. *See* RCFC 32(a)(3)(F) (allowing admission of deposition testimony "upon application and notice, that such exceptional circumstances exist as to make it desirable . . . to allow the deposition to be used" in the event that other provisions of Rule 32(a) cannot be invoked). As this court has noted:

> "[T]he Federal Rules of Evidence . . . provide the general rules regarding the use at trial of depositions. . . . [RCFC] 32 defines some circumstances in which a deposition is admissible, leaving most issues of admissibility to the Federal Rules of Evidence." 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2141, at 157, § 2142, at 158 (2d ed. 1994). Fed. R. Evid. 801(d)(2)(D) and RCFC 32(a) regulate the admissibility of depositions in different ways by allowing admission in differing circumstances:

> To some extent, the Rules of evidence expand the admissibility of depositions beyond areas that are governed by rule 32, or regulate admissibility with greater detail. Under the Federal Rules of Evidence, for example:
>
> . . .
>
> Admissions at a deposition by a party-opponent's agent or servants—other than that party's officer's, directors, managing agents, and Rule 30(b)(6) or 31(a) deponents—are admissible under Rule 801(d)(2)(D) to the extent they concern matters within the scope of the agency or employment.
>
> JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 32.02[3], at 32-16 to 32-17 (3d ed. 2004).

*Globe Savings*, 61 Fed. Cl. at 96 (footnote and some citations omitted). It is therefore well-established that plaintiff may admit deposition testimony at trial that satisfies the requirements of Rule 801(d) (and any other applicable evidentiary rule) and, if those requirements are satisfied, there are no other conditions to admissibility under Rule 32.

Defendant also raises a policy argument to the effect that "[t]he admission of deposition testimony, without a showing of unavailability or exceptional circumstances, is contrary to the long-standing preference for live testimony at trial." Def.'s Opposition at 5. Furthermore, defendant warns that granting plaintiff's motion here might lead to a "trial by deposition." *Id.* at 6 (quoting *Kolb v. County of Suffolk*, 109 F.R.D. 125 (E.D.N.Y. 1985). These arguments were specifically taken up by the Court of Federal Claims in *Long Island Savings* and roundly rejected. *See Long Island Savings*, 63 Fed. Cl. at 163-64. This court adopts the persuasive analysis in that opinion and, similarly, reject's defendant's arguments.

Furthermore, defendant's reliance on *Kolb* in this case is misplaced. First, *Kolb* took up the issue of whether the *entire* deposition testimony of eight deponents should be entered into evidence. *Kolb*, 109 F.R.D. at 127. That is not the case here, however, where only discreet portions of certain depositions have been proffered by plaintiff. But even if plaintiff were to offer entire depositions as substantive evidence, that practice would seem to be permissible under this court's rules, which explicitly permit the introduction of "any part *or all of a deposition*." RCFC 32(a). That specific issue is not before this court, however, and so it reaches no decision on the matter.

Defendant also cites a case from this court for the proposition that the court's decisions in *Globe Savings* and *Long Island Savings* "undermine the long-standing preference of this Court for live testimony rather than trial by deposition." Def.'s Opposition at 8 (citing *Speck v. United States*, 28 Fed. Cl. 254, 294 (1993). *Speck* is inapposite to this case, however, because it involved the admissibility of deposition transcripts under Fed. R. Evid. 804, not Rule 801(d) which is at issue in this case. The court in *Speck* declined to admit in a Court of Federal Claims proceeding trial

testimony given by several expert witnesses before the United States Tax Court nearly 16 years earlier. Specifically, the court noted that, pursuant to Fed. R. Evid. 804, the offering party had failed to demonstrate the "unavailability" of the witnesses. Since there is no "unavailability" requirement under Rule 801(d), the *Speck* decision is not at all applicable to the instant matter and certainly may not be relied upon as counter-authority to the very persuasive opinions in *Globe Savings* and *Long Island Savings*.

*4. It Is Unclear Whether Plaintiff's Proffered Deposition Testimony Satisfies the Conditions of Rule 801(d)*

Rule 801(d)(2) identifies three requirements for an out-of-court statement to be admissible as non-hearsay. First, the statement must be "offered against a party." Fed. R. Evid. 801(d). That is certainly satisfied here because plaintiff seeks to admit the proffered testimony against the United States, the defendant in this action. "To qualify as an admission [under Rule 801(d)], no specific 'against interest' component is required." *Globe Savings*, 61 Fed. Cl. at 97 (quoting *Aliotta v. Nat'l R.R. Passenger Corp.*, 315 F.3d 756, 761 (7th Cir. 2003)). Rule 801(d) has no attendant requirement that the proffered statement be "inculpatory." *Id.* (quoting *United States v. McGee*, 189 F.3d 626, 631 (7th Cir. 1999)).

Second, the statements must have been made during the existence of the employment relationship. Fed. R. Evid. 801(d)(2). There does not seem to be any question here that the five deponents were in fact government employees at the time they gave their deposition testimony.

Finally, the statements must concern a "matter within the scope of the agency or employment" of the deponent. *Id.* To this final element, defendant raises a legitimate challenge that certain of plaintiff's proffered deposition statements did not, in fact, concern matters within the scope off the deponents' employment. *See* Def.'s Opposition at 8-10. Whether or not the statements concern matters within the scope of the deponents' employment is a question of "admissibility" for the court to determine under Fed. R. Evid. 104(a). *See* CHRISTOPHER B. MUELLER & LAIRD C. KIRKPATRICK, EVIDENCE § 8.32 at 895 (2d ed. 1999). In this case, the burden is on the plaintiff to establish that the proffered statements satisfy the scope requirement.

The problem in the instant case is that the court has very little information regarding the scope of each of the five deponents' employment with defendant. Furthermore, the court has not had the opportunity to evaluate each of the proffered statements to compare them with the individual deponent's scope of employment. The court is therefore in no position at this time to allow the wholesale admission of all the plaintiff's proffered evidence; such a decision would be premature. That kind of determination can only be made upon plaintiff's demonstration of an adequate foundation for each of the proffered statements. The appropriate time for laying that foundation and making subsequent decisions on admissibility will be at trial. Defendant will of course have the opportunity to raise appropriate objections to plaintiff's evidence, both on the grounds that certain statements may be beyond the scope of the deponent's employment or based on some other applicable rule of evidence. *See* RCFC 32(a) (noting that deposition testimony otherwise admissible under that rule must also be "admissible under the rules of evidence applied as though the witness were then present and testifying"). Defendant has requested the opportunity to raise such objections

on or before May 17, 2005 (the date of the final pre-trial conference in this case), and that request is appropriate.

In framing these objections, however, defendant is reminded that "[i]t is a 'widely accepted rule that admissions of a party-opponent under Rule 801(d)(2) are accorded generous treatment in determinations of admissibility.'" *Globe Savings*, 61 Fed. Cl. at 96-97 (quoting *Aliotta v. Nat'l R.R. Passenger Corp.*, 315 F.3d 756, 761 (7th Cir. 2003)); *see also Long Island Savings*, 63 Fed. Cl. at 164 (quoting same language). "The only requirement is that the subject matter of the admission match the subject matter of the employee's job description." *Globe Savings*, 61 Fed. Cl. at 97. Furthermore, "[t]here is no requirement that the particular agency at which a deponent was employed at the time of the deposition match the subject matter of the admissions. The party-opponent is the United States, not a particular agency." *Id.*

*5. Defendant May Designate Additional Deposition Testimony As Needed under Fed. R. Evid. 106*

Under Fed. R. Evid. 106 and RCFC 32(a)(4), defendant must have an opportunity determine if other portions of the proffered deposition testimonies should also be admitted by plaintiff in order to preserve general issues of fairness. Rule 106 embodies the common law "rule of completeness" and states that:

> When a writing or recorded statement or part thereof is introduced by a party, and adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

Fed. R. Evid. 106. As one commentator has noted, this rule "entitles other parties to require the proponent, as part of the original presentation, to include other parts of the writing or recorded statement that ought in fairness to be considered with the other parts that the proponent wants to use." MUELLER & KIRKPATRICK, EVIDENCE § 1.17 at 61 (citing *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153 (1988) (out-of-context statement "may create such prejudice that it is impossible to repair by a subsequent presentation")).

This rule does not, however, give defendant *carte blanche* to introduce wholesale deposition testimony that it might not otherwise be able to proffer because of the limitations of the hearsay rules. "The point of [Rule] 106 is not to insist on completeness as an end in itself, but to allow others to insist on admitting enough to put a statement in context." *Id.* Accordingly, defendant's opportunity under Rule 106 does not permit defendant to designate portions of the deposition testimony that are irrelevant or prejudicial, or portions that are wholly unrelated to discreet issues raised by plaintiff's own designations.

For the foregoing reasons, plaintiff's motion to admit certain deposition testimonies as substantive evidence is **GRANTED-IN-PART**, and the designated portions of plaintiff's proffered depositions will be admissible at trial provided that an adequate foundation is established and no other rules of evidence preclude admissibility. Defendant shall have the opportunity to both raise relevant objections to particular designations, and to designate other portions of plaintiff's proffered

depositions that should in fairness be considered contemporaneously with plaintiff's submissions. Defendant shall file these objections and counter-designations no later than **Wednesday, May 25, 2005**.

**IT IS SO ORDERED.**

Lawrence J. Block
Judge