**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AMBASE CORPORATION AND CARTERET BANCORP, INC., Plaintiffs, | |
| and | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff-Intervenor, | Case No. 93-531C (Senior Judge Loren Smith) |
| v. | |
| THE UNITED STATES OF AMERICA, Defendant. | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS'**
**MOTION TO DESIGNATE DEPOSITION TESTIMONY FOR TRIAL**

Defendant, the United States, respectfully opposes the motion of plaintiffs Ambase Corporation and Carteret Bancorp, Inc. ("AmBase") for leave to file excerpts of the deposition testimony of 22 (twenty-two) witnesses for use as substantive evidence at the trial in this case. As grounds for its motion to conduct trial-by-deposition, AmBase relies upon Fed. R. Evid. 801(d)(2)(D), United States Court of Federal Claims Rule ("RCFC") 32(a)(2), RCFC 32(a)(3)(E), and Globe Sav. Bank, F.S.B. v. United States, 61 Fed. Cl. 91 (2004). However, AmBase has failed to establish the requisite elements to designate deposition testimony, including overcoming the "interest of justice" of presenting live testimony rather than deposition testimony. See RCFC 32(a)(3)(E). Designation of deposition testimony is a last resort, used only when a witness is unavailable to appear at trial, and AmBase has not shown that any of the twenty-two witnesses at issue are unable to appear at trial. Moreover, AmBase has failed to

satisfy its burden of proving that an exception to the rule precluding the admission of deposition testimony of available witnesses applies to any of the twenty-two witnesses. Accordingly, AmBase should be precluded from using the deposition testimony of the above-named witnesses as evidence in its case-in-chief.

We request expedited consideration of plaintiffs' motion and our opposition. Should the court allow plaintiffs' proposed use of any of these deposition transcripts, without waiving our opposition to such a ruling, we respectfully request leave to submit counter-designations in response to plaintiffs' deposition designations. RCFC 32(a)(4). We would, in that situation, also without waiving our opposition to the procedure, move to introduce portions of the deposition testimony of several witnesses. However, we are required to designate any such deposition testimony by the date that our Contentions of Fact and Law is due, January 22, 2008. To facilitate the timely filing of our Appendix A submissions, we therefore request expedited consideration of plaintiffs' motion and our opposition.

## ARGUMENT

### I. When, As Here, There Has Been No Showing As To A Witness's Unavailability To Testify At Trial, There Is A Strong Preference For Live Testimony

AmBase offers no evidence, and makes no suggestion, that the 22 (twenty-two) witnesses for whom it seeks to use deposition testimony at trial are unavailable to testify live at the trial in this case scheduled to begin February 11, 2008. Indeed, AmBase names all but two of these individuals in its witness list, and appears to know their current work activities and whereabouts.

The preference for live testimony, when available, has been well noted by the courts. In both civil and criminal cases, our common law heritage has always favored the presentation of

live testimony over the presentation of hearsay testimony by out-of-court declarants. See McCormick Evidence 2d § 244. The factfinder's observation of the demeanor of the witnesses and the effectiveness of cross-examination in the discovery of the truth are the traditional reasons for the preference even though the out-of-court statement had been given under oath. See United States v. Mathis, 559 F.2d 294, 299 (5th Cir. 1977); Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc., 216 F.R.D. 521, 522 (D. Utah 2003) ("'The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand"') (quoting Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939) (Hand, J.)); Banks v. Yokemick, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) ("The general rule is that testimony at all trials must be live . . . [D]eposition testimony is only a substitute, not to be resorted to if the witness can appear in person."). Live testimony is necessary to provide the Court with an opportunity to evaluate the witness's demeanor during the discussion of the relevant events. Obviously, the reading of a deposition transcript would not serve as an adequate alternative to evaluating the witness's testimony in person. See American Steel Works v. Hurley Construction Co., 46 F.R.D. 465, 470 (D. Minn. 1969) (observing that "[t]he taking of a deposition is not equivalent to having 'live' testimony"); see also Grimma v. Makousky, 76 F.3d 151, 153 (7th Cir. 1996) ("strong preference of Anglo-American courts for live testimony"). Accordingly, Anglo-American courts have recognized a strong "interest of justice" in having witnesses testify live, and AmBase has failed to provide any reason why that interest can be ignored.

## II. AmBase Has Failed To Satisfy Its Burden Of Demonstrating That Deposition Testimony Is Admissible Despite The Witnesses' Availability To Testify At Trial

The party seeking to introduce deposition testimony has the burden to establish that the deposition testimony complies with the requirements set forth in the Rules. See Angelo v. Armonstrong World Indus., 11 F.3d 957, 963 (10th Cir. 1993); Allegier v. United States, 909 F.2d 869, 876 (6th Cir. 1990). If that burden is not met, the designated deposition testimony must be excluded. Northwestern Nat. Ins. Co. v. Baltes, 15 F.3d 660 (7th Cir. 1994).

AmBase cannot prevail under the notion that the deposition testimony of any of the 22 (twenty-two) individuals should be admitted pursuant to RCFC 32(a)(2), because none of these potential trial witnesses filled the role of "officer, director, or managing agent" of the United States. For AmBase to be permitted to offer the deposition testimony of any individual pursuant to RCFC 32(a), AmBase must "establish[] that the deponent[s] had decision-making authority within the pertinent governmental agency at a key time and kept a responsible position within the agency or at a successor or sister agency at the time of the deposition. As in other cases, 'under the evidence presented in this case the following consideration is of particular importance: whether the employee's authority included exercising his or her personal discretion in making decisions without obtaining additional authorization from superiors in dealing with corporate matters.'" Globe Sav. Bank, F.S.B. v. United States, 61 Fed. Cl. 91, 98 (2004) (quoting Young & Assocs. Pub. Relations, L.L.C. v. Delta Air Lines, Inc., 216 F.R.D. 521, 523 (D. Utah 2003)).

AmBase cannot meet this burden. In fact, in its motion Ambase did not even attempt to meet its burden. AmBase did not establish that any of the individuals for which it seeks trial-by-deposition had personal discretion in making decisions without additional authorization. Thus,

AmBase did not, and cannot, show that any of the 22 (twenty-two) deponents had the kind of unfettered discretion necessary for their testimony to qualify for admission under RCFC 32(a)(2).

With respect to Messrs. Green and Vortriede, while it is true that their depositions were conducted pursuant to RCFC 30(b)(6), thus rendering their testimony admissible under RCFC 32(a)(2), AmBase has not demonstrated that they are unavailable to testify at trial. In fact, they appear as potential witnesses on the witness lists of all the parties. AmBase has the ability to call them as witnesses and to question them at trial, rendering admission of their deposition testimony redundant, wasteful, and cumulative, and subject to exclusion. See Fed. R. Evid. 403.

Nor may AmBase rely upon Fed. R. Evid. 801(d)(2). The witnesses named by AmBase are not parties themselves; accordingly, Fed. R. Evid. 801(d)(2) can only provide an avenue for admissibility if they are characterized as a "party's agent[s] or servant[s]." Fed. R. Evid. 801(d)(2)(D). However, as courts have noted, in keeping with the logic of the common law preference for live testimony, "[i]t is apparent that . . . Rule 801(d)(2) was not intended to permit the introduction of . . . defendant's employees' entire depositions for substantive purposes where employees are readily available to testify at trial." Kolb v. County of Suffolk, 109 F.R.D. 125, 128 (E.D.N.Y. 1985).

Indeed, even if the named witnesses' deposition testimony fell within Fed. R. Evid. 801(d)(2)(D), to be admissible, it would still need to fall within RCFC 32(a), upon which plaintiff cannot rely. The only potentially applicable provision under RCFC 32(a) is subsection (1), because the named witnesses are available to testify. RCFC 32(a)(1), however, only permits deposition testimony to be introduced where at least one of the purposes of the deposition is to "contradict or impeach" the witness. RCFC 32(a)(1); see also 8A Wright & Miller, Federal

Practice and Procedure, § 2144 (language added to rule "to recognize that a deposition used to impeach or contradict could also be used" for any other purpose permitted by the rules of evidence) (emphasis added); Schlange-Schoemingen v. Parrish, 767 F.2d 788, 794 (11th Cir. 1985) (discussing trial court's discretionary use of Rule 32(a)(1) to permit transcript of deposition that had already been introduced at trial, to be brought to jury room). Because AmBase is using the named witnesses' testimony in its case-in-chief, it is not using the testimony to contradict or impeach them, and accordingly, cannot use RCFC 32(a)(1) in combination with Fed. R. Evid. 801(d)(2)(D) as a basis to admit the deposition into evidence.[1]

Finally, AmBase's invocation of RCFC 32(a)(3)(E) is unavailing. In support of its contention that a deponent's mere absence from an area within 100 miles of the Court constitutes an independent ground for admitting his deposition as evidence, AmBase relies upon cases from the district courts. See Pl. Mot. at 14-15. However, these cases are inapplicable in the Court of Federal Claims.

---

[1] We respectfully disagree with the cases cited by AmBase indicating the Fed. R. Evid. 801(d)(2)(D) constitutes an independent basis for admitting deposition testimony as evidence for the reasons stated above. Specifically, with respect to the decisions in Long Island Sav. Bank, F.S.B. v. United States, 63 Fed. Cl. 157 (2004), Globe Sav. Bank, F.S.B. v. United States, 61 Fed. Cl. 91 (2004), and the Court's Order in Anchor Sav. Bank, F.S.B. v. United States, No. 95-39C (Fed. Cl. May 17, 2005), we disagree that admissibility under Fed. R. Evid. 801(d)(2)(D) is independent of the requirements of RCFC 32, and that the Court may permit deposition excerpts to be taken as substantive evidence despite the availability of the deponents to testify at trial, and contrary to the long-standing preference for live testimony. Indeed, in light of this long-standing preference, and given that previous decisions of this Court in other cases are not binding precedent here, see West Coast Gen. Corp. v. Dalton, 39 F.3d 312, 315 (Fed. Cir. 1994), the Court would not be abusing its discretion in denying plaintiff's motion and requiring live testimony. See, e.g., General Elec. Co. v. Joiner, 522 U.S. 136, 142 (1997) (trial court's evidentiary rulings reviewed for abuse of discretion).

The Court of Federal Claims is a Court of nationwide jurisdiction in which cases arise throughout the United States. See Adrienne Village v. United States, 25 Cl. Ct. 457, 461 n.3 (1992); Johnson City Med. Ctr. Hosp. v. United States, 20 Cl. Ct. 515, 516 (1990); Ross v. United States, 16 Cl. Ct. 378, 383 (1989); In re Complaint of Judicial Misconduct, 2 Cl. Ct. 255, 261 n. 11 (1983); see also RCFC 45, Rules Committee Note. Unlike litigants appearing in the Federal district courts, parties appearing before this Court have great latitude to subpoena trial witnesses outside 100 miles from the Court. Compare RCFC 45 with Fed. R. Civ. P. 45. Without such latitude, parties' cases would be prejudiced, as they would be unable to present important testimony. Accordingly, motions for authorization to subpoena witnesses located over 100 miles from the Court are routinely granted.[2] See, e.g., Order, Home Sav. of Am., F.S.B. v. United States, 92-620C (Jan. 7, 2003); Order, First Fed. Lincoln Bank v. United States, 95-518C (May 13, 2003); Order, Commercial Fed. Bank v. United States, 95-472C (May 22, 2003); Order, Caroline Hunt Trust Estate v. United States, 95-531C (June 4, 2003); Order, Southern National Corp. v. United States, 95-526C (Sept. 22, 2003). Therefore, because the Court's power to issue subpoenas extends beyond the 100-mile limit, RCFC 32(a)(3)(E) does not automatically render deposition testimony from deponents located beyond 100 miles admissible as evidence. Indeed, RCFC 32(a)(3)(E) specifically bars introduction of such testimony where the Court finds "that it is not in the interest of justice, with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used[.]" Given the courts' traditional strong preference for live testimony, and given this Court's practice

[2] This Court has already advised the parties that for purposes of this trial it will grant authorization to subpoena witnesses located over 100 miles from the Court. The parties need only file the appropriate motion with the Court.

of routinely granting authorization to subpoena remote witnesses for trial, AmBase's invocation of RCFC 32(a)(3)(E) as an alternative basis to permit admission of its designated deposition testimony is erroneous.

## III. AmBase Has Not Met Its Burden To Show That Several Deponents Were Deposed During The Existence Of Their Relationship With The United States Or Appear On A Parties' Witness List

Even if Fed. R. Evid. 801(d)(2) can serve as an independent ground for admission of deposition testimony, AmBase cannot meet its burden of showing that several deponents whose testimony it seeks to be admitted were employed by the United States at the time of their depositions. Specifically, the depositions of Ms. Maligaya and Messrs. Dittenhafer, Connell, Vigna, and Midnich reveal that they were not employed by the United States at the time of their depositions. In its motion AmBase concedes that a deponent's statements may constitute admissions only if "the deponent is employed or retained by the United States at the time of the deposition." Pl. Mot. 8-9. Accordingly, because AmBase has not met its burden to show they were employed by the Government at the times of their depositions, the deposition testimony of Ms. Maligaya and Messrs. Dittenhafer, Connell, Vigna, and Midnich must be excluded. In addition, AmBase seeks to use the deposition testimony of two deponents who were not disclosed as potential trial witnesses by any of the parties: Ms. Maligaya and Mr. Held. Therefore, AmBase's request to conduct trial-by-deposition for Ms. Maligaya and Mr. Held should be summarily denied.

## CONCLUSION

For the reasons set forth above, we respectfully request that AmBase's motion to designate deposition testimony for use at trial be denied. In the alterative, we respectfully request leave to submit counter-designations in response to plaintiffs' deposition designations and to introduce portions of the deposition testimony of several witnesses.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

/s/ David A. Levitt by
/s/ Delisa M. Sanchez
DAVID A. LEVITT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street N.W.
Washington, D.C. 20005
Tel: (202) 307-0309

Attorneys for Defendant

OF COUNSEL:

TAREK SAWI
Senior Trial Counsel

ARLENE PIANKO GRONER
ELISABETH HOSFORD
F. JEFFERSON HUGHES
DELISA M. SANCHEZ
AMANDA TANTUM

January 7, 2007

CERTIFICATE OF FILING

I hereby certify that on this 7th day of January 2008, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFFS'MOTION TO DESIGNATE DEPOSITION TESTIMONY FOR TRIAL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Delisa M. Sanchez
Delisa M. Sanchez