**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AMBASE CORPORATION AND CARTERET BANCORP, INC.,<br><br>Plaintiffs,<br><br>and<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 93-531<br>(Judge Loren Smith) |

**PLAINTIFFS' UNOPPOSED MOTION FOR AUTHORIZATION OF SERVICE <u>OF SUBPOENAS MORE THAN 100 MILES FROM THE PLACE OF TRIAL</u>**

Pursuant to Rule 45(b)(2) of the Rules of the United States Court of Federal Claims, Plaintiffs AmBase Corporation and Carteret Bancorp, Inc. ("AmBase"), respectfully move the Court to enter an order authorizing the issuance of subpoenas to compel any witness identified or cross-referenced on AmBase's witness list to travel more than 100 miles to testify at trial in Washington, D.C. Counsel for Plaintiff-Intervenor and Defendant do not oppose this motion.

The Court of Federal Claims is a Court of nationwide jurisdiction. *See, e.g.*, *Adrienne Village v. United States*, 25 Cl. Ct. 457, 461 n.3 (1992); *Johnson City Med. Ctr. Hosp. v. United States*, 20 Cl. Ct. 515, 516 (1990); *Ross v. United States*, 16 Cl. Ct. 378, 383 (1989); *In re Complaint of Judicial Misconduct*, 2 Cl. Ct. 255, 261 n.11 (1983); *see also* RCFC 45, Rules Commit-

tee Note. Accordingly, this Court's nationwide jurisdiction establishes the basis for granting the authorization requested here.

Good cause exists for the issuance of subpoenas for these individuals. Because Carteret Savings Bank ("Carteret") was located in New Jersey, and most of the events relevant to this case occurred more than 100 miles from the Courthouse, many of the fact witnesses on the parties' witness lists must be summoned from beyond 100 miles. Moreover, several of the witnesses in this case have retired or relocated to other regions of the country. Accordingly, individuals who played key regulatory roles in relation to Carteret, AmBase, and the Carteret receivership reside in various distant regions of the country, as is reflected by the parties' witness lists. These witnesses include Wayne Green and James Vortriede, who reside in Texas and who the FDIC designated as Fed. R. Civ. P. 30(b)(6) witnesses with respect to the calculation of interest and taxes for the receivership deficit. AmBase may need to call such witnesses at trial in order to present its case as well as to respond to the Defendant's and Plaintiff-Intervenor's cases. Without authority to subpoena these individuals, AmBase may be greatly prejudiced. These facts establish that good cause exists for granting this motion.

## CONCLUSION

For the foregoing reasons, AmBase respectfully requests that the Court enter an order authorizing the issuance of subpoenas to compel any witness identified or cross-referenced on AmBase's witness list to travel more than 100 miles to testify at trial in Washington, D.C.

Respectfully submitted,

/s/ Charles J. Cooper
Charles J. Cooper
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
*Counsel of Record*

Of Counsel:

Vincent J. Colatriano
David H. Thompson
Jesse Panuccio
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)

Dated: January 22, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of January 2008, I caused to be served by the Court's electronic filing system copies of the foregoing on the following counsel:

David Levitt, Esq.
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
1100 L Street, N.W.—Room 12006
Attn: Classification Unit—8th Floor
Washington, DC 20530

Andrew Gilbert, Esq.
FDIC Legal Division
550 17th Street, N.W.
Room 2098
Washington, DC 20429

/s/ Jesse Panuccio
Jesse Panuccio