**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AMBASE CORPORATION<br>AND CARTERET BANCORP, INC.<br><br>Plaintiffs,<br><br>and<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION,<br>Plaintiff-Intervenor,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 93-531C<br>(Senior Judge Loren Smith) |

**DEFENDANT'S COUNTER-DESIGNATIONS AND OBJECTIONS TO PLAINTIFFS' DESIGNATIONS OF DEPOSITION TESTIMONY FOR TRIAL, AND DESIGNATIONS OF DEPOSITION TESTIMONY**

Pursuant to the Court's January 14, 2008 Order, the Court granted plaintiffs' motion to admit as substantive evidence in lieu of live testimony portions of the depositions of Thomas O'Rourke, Michael Finn, Brian Dittenhafer, William Day, Herbert Held, Edward Griffin, Steve Johnston, Elaine Tama, Joseph Kehoe, Wayne Green, Karen Hughes, Michael Saran, Michael Simone, James Midnich, Donna Cribbs, Gloria Maligaya, Russell Meyer, Brent Beesley, Thurman Connell, Robert Albanese, Angelo Vigna, and James Vordtriede.

In response to these designations, and pursuant to the Court's January 14, 2008 Order, defendant, the United States, respectfully submits our designations of additional portions of these deposition transcripts that should in fairness be considered contemporaneously with plaintiffs' submissions, and our objections to the admissibility of these designated transcript excerpts upon

bases other than hearsay. We reserve the right to introduce plaintiffs' designations for the purposes of completeness, should plaintiffs choose not to introduce certain passages of their own designations.

In addition, pursuant to the Court's January 14, 2008 Order, we designate for substantive evidence at trial portions of the deposition testimony of Wayne J. Moor, Robert B. O'Brien, and J. Paul Ramey.

## I. Counter-Designations To Plaintiffs' Deposition Designations

### A. Counter-Designations From The Deposition Testimony Of Thomas O'Rourke

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request the following testimony from Mr. O'Rourke, obtained in this case on September 27, 1999, be admitted: 35:2-36:4, 38:24-39:22, 41:16-42:6, 115:21-117:21, 147:9-21, 151:25-153:3. We have annexed these transcript designations as Exhibit A.

### B. Counter-Designations From The Deposition Testimony Of Michael Finn

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request the following testimony from Mr. Finn, obtained in this case on June 9, 1999, be admitted: 6:11-7:10, 7:21-8:25, 11:16-12:14, 31:4-33:4, 43:11-44:22, 65:14-68:5, 253:16-255:23. We have annexed these transcript designations as Exhibit B.

### C. Counter-Designations From The Deposition Testimony Of Brian Dittenhafer

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request the following testimony from Mr. Dittenhafer, obtained in this case on August 23, 1999, be admitted: 22:15- 23:24, 35:12-38:6, 49:9-23, 51:3-9, 53:11-16, 54:3-55:25, 58:5-13, 60:9-21,

61:5-62:5, 86:4-10, 97:1-6, 97:13-98:16, 106:21-107:4, 121:6-23, 122:8-17, 123:4-8, 125:9-22, 129:12-18, 138:17-24, 143:4-144:3, 149:7-25, 151:12-152:15, 164:2-5, 165:11-14, 167:13-168:3, 184:12-15, 187:20-188:6, 214:10-15, 231:25-232:4. We have annexed these transcript designations as Exhibit C.

**D. Counter-Designations From The Deposition Testimony Of William Day**

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request the following testimony from Mr. Day, obtained in this case on September 29, 1999, be admitted: 90:5-91:24, 93:10-94:8, 106:10-21, 109:5-111:1, 120:20-121:5, 123:16-124:4, 130:2-19, 131:18-132:7, 183:1-184:7, 185:4-20, 216:2-217:23, 241:20-242:12, 276:14-277:15. We have annexed these transcript designations as Exhibit D.

**E. Counter-Designations From The Deposition Testimony Of Herbert Held**

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request the following testimony from Mr. Held, obtained in this case on April 8, 2005, be admitted: 9:18-11:16, 13:24-14:8, 18:3-18:6, 19:17-21:25, 22:15-23:6, 26:14-28:4, 29:15-30:10, 30:17-30:19, 32:14-33:19, 36:2-36:5, 38:14-42:14, 42:20-43:6, 45:1-45:15, 48:11-48:20, 53:18-53:24, 64:23-67:5, 68:19-68:23, 69:9-70:10, 83:13-83-23, 86:9-86:25, 90:15-91:4, 92:22-93:11, 96:6-96:19, 98:6-99:2, 99:3-101:22, 105:13-103:21, 109:21-110:2, 11:25-112:14, 119:12-120:7, 121:1-123:7, 140:22-141:25, 145:2-145:24, 146:13-146:20, 147:15-148:8, 148:13-148:20, 153:14-154:24, 158:13-159:16. We have annexed these transcript designations as Exhibit E.

**F. Counter-Designations From The Deposition Testimony Of Edward Griffin**

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request the following testimony from Mr. Griffin, obtained in this case on March 30, 2006, be admitted:

13:3-13:9, 13:15-14:17, 21:20-22:23, 25:1-27:18, 30:14-30:20, 32:14-32:16, 43:11-43:25, 108:7-113:7, 113:20-113:24, 115:15-117:3, 119:3-112:7, 131:2-132:19, 133:2-133:16, 142:18-143:25, 146:18-148:7. We have annexed these transcript designations as Exhibit F.

### G. Counter-Designations From The Deposition Testimony Of Steven Johnston

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request the following testimony from Mr. Johnston, obtained in this case on April 5, 2006, be admitted: 9:18-10:2, 12:18-13:8, 16:3-16:12, 18:13-18:22, 20:7-20:17, 22:4-22:13, 28:19-29:3, 29:18-30:14, 30:15-32:9, 33:20-34:21, 37:17-37:24, 40:13-40:24: 41:17-42:25, 45:6-46:9, 48:5-49:4, 52:5-52:10, 62:17-63:1, 63:23-74:7, 75:2-75:15. We have annexed these transcript designations as Exhibit G.

### H. Counter-Designations From The Deposition Testimony Of Elaine Tama

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request the following testimony from Ms. Tama, obtained in this case on March 31, 2006, be admitted: 21:3-24:5, 69:11-13, 69:21-70:4, 84:3-11, 93:13-22, 118:17-21, 123:18-22, 131:7-132:4, 136:12-138:11, 138:14-146:24, 148:3-149:10, 151:23-153:2. We have annexed these transcript designations as Exhibit H.

### I. Counter-Designations From The Deposition Testimony Of Joseph Kehoe

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request the following testimony from Mr. Kehoe, obtained in this case on July 13, 1999, be admitted: 67:19-68:17, 74:18-75:1, 48:24-49: 10, 100:15-101:13, 119:25-120:12, 130:5-131:2, 133:4-22, 170:11-172:12. We have annexed these transcript designations as Exhibit I.

**J. Counter-Designations From The Deposition Testimony Of Wayne Green**

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request the following testimony from Mr. Green, obtained in this case on February 28, March 1, and April 5, 2006, be admitted: 65:14-67:7, 99:16-100:4, 102:7-105:17, 190:16-191:18, 236:14-237:7, 258:3-259:8, 265:2-266:24, 295:7-296:8, 356:23-358:13, 362:11-363:3, 364:9-365:5, 374:18-376:1, 383:2-383:9, 385:8-388:25, 389:18-391:4, 392:19-393-23, 401:7-402:6, 506:4-506:14, 507:2-507:18. We have annexed these transcript designations as Exhibit J.

**K. Counter-Designations From The Deposition Testimony Of Karen Hughes**

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request the following testimony from Ms. Hughes, obtained in this case on April 7 and 17, 2006, be admitted: 22:6-22:23, 23:10-25:9, 50:16-50:22, 141:5-142:3, 195:4-197:9, 198:21-199:21, 202:24-205:14, 213:12-216-9. We have annexed these transcript designations as Exhibit K.

**L. Counter-Designations From The Deposition Testimony Of Michael Saran**

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request the following testimony from Mr. Saran, obtained in this case on March 31, 2006, be admitted: 7:14-7:18, 129:5-131:10. We have annexed these transcript designations as Exhibit L.

**M. Counter-Designations From The Deposition Testimony Of Michael Simone**

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request the following testimony from Mr. Simone, obtained in this case on September 3, 1999, be admitted: 61:15-62:20, 114:23-116:2, 117:8-17, 123:13-25, 128:21-130:7. We have annexed these transcript designations as Exhibit M.

**N. <u>Counter-Designations From The Deposition Testimony Of James Midnich</u>**

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request the following testimony from Mr. Midnich, obtained in this case on March 16, 2006, be admitted: 173:2-183:1. We have annexed these transcript designations as Exhibit N.

**O. <u>Counter-Designations From The Deposition Testimony Of Donna Cribbs</u>**

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request the following testimony from Ms. Cribbs, obtained in this case on March 7, 2006, be admitted: 36:23 - 37:25, 38:21 - 39:7, 58:16-22, 61:2-5, 61:17- 63:17, 68:7- 69:15, 70:25 - 71:22, 76:5-20, 79:14 - 80:6, 83:10 - 84:8, 86:19 - 87:6, 87:11-12, 95:6-17, 103:18-19, 104:1-4. We have annexed these transcript designations as Exhibit O.

**P. <u>Counter-Designations From The Deposition Testimony Of Gloria Maligaya</u>**

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request the following testimony from Ms. Maligaya, obtained in this case on March 23, 2006, be admitted: 40:13-41:6, 66:4-67:2, 85:23-88:10, 88:24-91:9, 91:16-92:10. We have annexed these transcript designations as Exhibit P.

**Q. <u>Counter-Designations From The Deposition Testimony Of Russell Meyer</u>**

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request the following testimony from Mr. Meyer, obtained in this case on September 10, 1999, be admitted: 76:5-7, 79:8-80:6, 82:24-83:24, 85:18-86:15, 91:14-24, 96:10-97:3, 102:5-19, 102:20-104:5, 107:20-108:16, 110:13-15, 112:8-23, 117:11-118:2, 131:3-22, 135:5-20, 135:24-137:6, 164:5-11, 183:21-186:16, 234:23-235:13, 236:24-241:21, 253:3-255:13. We have annexed these transcript designations as Exhibit Q.

**R. Counter-Designations From The Deposition Testimony Of Brent Beesley**

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request the following testimony from Mr. Beesley, obtained in this case on September 27, 1999, be admitted: 7:23-8:4, 32:7-32:21, 34:24-35:8, 40:17-41:12, 45:121-45:23, 47:15-47:20, 54:3-55:7, 56:3-57:1, 58:13-58:25, 59:1-60:22, 61:8-62:5, 62:15-63:7. We have annexed these transcript designations as Exhibit R.

**S. Counter-Designations From The Deposition Testimony Of Thurman Connell**

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request the following testimony from Mr. Connell, obtained in this case on June 28 and 30, 1999, be admitted: 71:24-72:3, 93:19-22, 421:8-22, 427:22-431:12. We have annexed these transcript designations as Exhibit S.

**T. Counter-Designations From The Deposition Testimony Of Robert Albanese**

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request the following testimony from Mr. Albanese, obtained in this case on October 15, 1999, be admitted: 8:22-9:12, 28:25-29:18, 42:15-47:3, 47:18-48:16, 50:13-51:5, 51:13-52:17, 58:24-59:5, 63:19-65:9, 85:5-89:8, 90:16-25, 92:13-93:5, 100:11-18, 128:19-20, 140:4-141:8, 149:1-151:23, 155:6, 156:7-157:12. We have annexed these transcript designations as Exhibit T.

**U. Counter-Designations From The Deposition Testimony Of Angelo Vigna**

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request the following testimony from Mr. Vigna be admitted: (1) obtained in this case on October 26, 1999: 11:14-16, 14:22-16:3, 18:8-19:10, 37:15-25, 40:4-13, 69:9-70:20, 86:6-11, 87:15-89:1, 91:14-92:2, 106:9-11, 131:5-9, 135:6-136:1, 142:1-12, 148:20-149:8, 149:22-150:13, 151:24-25,

153:4-5, 154:9-10, 156:2-11, 158:2-5, 158:17-159:17, 198:20-202:4, 203:5-205:25; (2) obtained in the February 3, 1999, common discovery deposition: 14:15-15:13, 21:5-13, 22:21-23:17, 24:5-17, 27:10-28:15, 31:15-32:5, 118:18-119:10, 214:3-217:17; (3) obtained in the February 5, 1999, Anchor deposition: 236:17-237:2, 326:3-327:8. We have annexed these transcript designations as Exhibit U.

### V. Counter-Designations From The Deposition Testimony Of James Vordtriede

Assuming plaintiffs' designations are admitted in full or in part, we respectfully request the following testimony from Mr. Vordtriede, obtained in this case on March 2, March 3, and April 14, 2006, be admitted: 9:14-11:1, 19:6-19, 21:9-22:14, 71:3-71:11, 89:5, 91:3-91:4, 112:21-113:15, 253:7-253:21, 259:5-261:4, 265:24-266:3, 269:16-269:19, 278:10-279:15, 293:25-294:17, 295:24-296:5, 350:18-351:18, 352:11-352:25, 383:25-388:18, 387:10-387:25, 411:2-412:5, 413:8-413:15. We have annexed these transcript designations as Exhibit V.

## II. Objections To Plaintiffs' Deposition Designations

### A. General Objection

In its motion, AmBase conceded that a deponent's statements may constitute admissions pursuant to Fed. R. Evid. 801(d)(2) only if "the deponent is employed or retained by the United States at the time of the deposition." Pl. Mot. 8-9. Accordingly, we object to the use of any statements in the depositions of Ms. Maligaya, Ms. Hughes, Ms. Tama, and Messrs. Dittenhafer, Connell, Vigna, Midnich, Griffin, Held, Green, Hughes, Vordtriede as "admissions" pursuant to Rule 801(d)(2). None of these individuals were employed by the United States at the time of their depositions.

### B. Objections To Plaintiffs' Deposition Designations Of Angelo Vigna

| Transcript Citation | Objection |
|---|---|
| Tr. 79:8-18 | vague |
| Tr. 151:24-25 | relevance |
| Tr. 153:4-4 | relevance |
| Tr. 154:9-10 | speculation |

### C. Objections To Plaintiffs' Deposition Designations Of Robert Albanese

| Transcript Citation | Objection |
|---|---|
| Tr. 155:9-10 | speculation |
| Tr. 158:5-7 | speculation |

### D. Objections To Plaintiffs' Deposition Designations Of Thurman Connell

| Transcript Citation | Objection |
|---|---|
| Tr. 35:10-11 | foundation |
| Tr. 71:13-14 | vague |
| Tr. 85:12-13, 17 | foundation |
| Tr. 392:19-20 | foundation, vague, speculation |
| Tr. 393:3-4 | leading, speculation |
| Tr. 416:17-18 | leading, foundation |
| Tr. 426:23-24 | speculation, foundation, vague |

### E. Objections To Plaintiffs' Deposition Designations Of Brain Dittenhafer

| Transcript Citation | Objection |
| --- | --- |
| Tr. 21:1-3 and 12-13 | relevance |
| Tr. 59:8-11 | foundation |
| Tr. 127:20-21 | form |
| 128:17 | object to the question |

### F. Objections To Plaintiffs' Deposition Designations Of Russell Meyer

| Transcript Citation | Objection |
| --- | --- |
| Tr. 71:20-21 | not responsive to any question in evidence |
| Tr. 71:22-24 | FRE 402: irrelevant |
| Tr. 72:4-11 | vague as to what is meant by "significant" |
| Tr. 72:14-17 | vague as to what is meant by "significant" |
| Tr. 76:8-12 | vague as to what is meant by "it" |
| Tr. 76:19-25 | vague as to what is meant by "more damaging" |
| Tr. 78:6-9 | testimony by counsel; vague as to what is meant by "debatable" |
| Tr. 83:25-84:4 | vague as to what is meant by "that" |
| Tr. 85:16-17 | the question is designated, but no answer is designated |
| Tr. 95:18-19 | vague as to what is meant by "this time" |
| Tr. 97:4-9 | vague as to what is meant by "this sentence" |
| Tr. 104:6-10 | not responsive to any question in evidence |
| Tr. 118:3-7 | vague as to the time period of "the recess and the real estate decline" |

| | |
|---|---|
| Tr. 137:7-14 | testimony by counsel; vague as to "the other two reporting events;" assumes facts not in evidence |
| Tr. 137:22-2 | assumes facts not in evidence; testimony by counsel |
| Tr. 138:3-8 | not responsive to any question in evidence |
| Tr. 154:18-155:8 | compound |
| Tr. 162:17-163:6 | not responsive to any question in evidence |
| Tr. 163:7-9 | FRE 401: irrelevant |
| Tr. 163:23-24 | testimony by counsel |
| Tr. 181:13-19 | not responsive to any question in evidence; incomplete answer designated; FRE 402: irrelevant to damages issues before the court because the undesignated question and the answer relate to the satisfaction of Office of Thrift Supervision employees in the time period following the transfer of Carteret to the RTC |
| Tr. 182:11-18 | FRE 402: irrelevant; vague |
| Tr. 186:17-22 | vague as to who "they" are in the phrase "they thought that it wasn't worth the effort;" vague as to what "they" are in the phrase" you mean the effort to determine whether they were profitable;" assumes facts not in evidence. |

**G. Objections To Plaintiffs' Deposition Designations Of Elaine Tama**

| Transcript Citation | Objection |
|---|---|
| Tr. 86:22-24 | compound |
| Tr. 117:13-15 | compound; vague as to "this" |
| Tr. 117:19-23 | FRE 701: calls for speculation as to Wayne Green's views |

**H. Objections To Plaintiffs' Deposition Designations Of Herbert Held**

| Transcript Citation | Objection |
|---|---|
| Tr. 69:3-69:8 | FRE 402; irrelevant to issues before the court because no connection has been demonstrated between the minority preference statute and the value received in the disposition of Carteret assets |
| Tr. 70:3-71:14 | FRE 402; irrelevant to issues before the court because no connection has been demonstrated between the minority preference statute and the value received in the disposition of Carteret assets |
| Tr. 112:15-114:10 | FRE 402; irrelevant to issues before the court because no connection has been demonstrated between the minority preference statute and the value received in the disposition of Carteret assets |
| Tr. 120:15-121:19 | FRE 402; irrelevant to issues before the court because no connection has been demonstrated between the minority preference statute and the value received in the disposition of Carteret assets |
| Tr. 123:13-124:20 | FRE 402; irrelevant to issues before the court because no connection has been demonstrated between the minority preference statute and the value received in the disposition of Carteret assets |
| Tr. 146:3-148:24 | FRE 402; irrelevant to issues before the court because the witness could not recall an asset freeze on the sale of Carteret performing loans |
| Tr. 150:2-151:23 | FRE 402; irrelevant to issues before the court because the witness could not recall an asset freeze on the sale of Carteret performing loans |

**I. Objections To Plaintiffs' Deposition Designations Of Steven Johnston**

| Transcript Citation | Objection |
|---|---|
| Tr. 20:7-20:17 | FRE 701; calls for speculation as to the views of the FDIC |

| | |
|---|---|
| Tr. 32:10-34:19 | FRE 701; calls for speculation as to the views of the FDIC |
| Tr. 38:4-42:21 | FRE 701; calls for speculation as to views of the IRS |
| Tr. 46:10-49:4 | FRE 701; calls for speculation as to views of the IRS |

### J. Objections To Plaintiffs' Deposition Designations Of Brent Beesley

| Transcript Citation | Objection |
|---|---|
| Tr. 12:2-12:4 | vague as to "serious problem case" |
| Tr. 32:22-33:17 | FRE 701; calls for speculation concerning the purpose of the acquisition of Delray |
| Tr. 41:2-41:6 | FRE 701; calls for speculation as to the views of FSLIC |
| Tr. 43:24-44:4 | FRE 701; calls for speculation as to the viability of the combined institution without goodwill |
| Tr. 45:3-45:30 | FRE 701; calls for speculation as to the viability of the combined institution without goodwill |

## III. Designations Of The Deposition Testimony Of Messrs. O'Brien, Manley, Walsh, Moor, Kramer, and Ramey

Pursuant to the Court's January 14, 2008 Order, we request the Court admit for use as substantive testimony at trial the deposition testimony of Messrs. O'Brien, Manley, Walsh, Moor, Kramer, and Ramey designated below.

### A. Designations From The Depostion Testimony Of Robert B. O'Brien

We respectfully request the following testimony from Mr. O'Brien, obtained in this case on November 9, 1999, be admitted: 6:6-6:20, 9:16-11:6, 16:16-17:2, 17:9-18:16, 41:6-43:16, 126:12-16, 127:4-129:8, 132:4-135:9, 170:20-176:12, 178:7-179:20, 180:10-182:10, 191:12-192:4, 195:3-196:17, 218:5-218:16, 220:8-220:19, 226:6-226:16, 228:17-229:12, 229:20-233:19,

234:21-235:14, 240:4-240:18, 252:11-253:14, 254:17-256:19, 288:11-289:7, 292:16-293:18, 299:1-299:10, 312:19-313:3. We have annexed these transcript designations as Exhibit W.

**B. Designations From The Depostion Testimony Of Marshall Manley**

We respectfully request the following testimony from Mr. Manley, obtained in this case on November 23, 1999, be admitted: 4:10-12, 4:17-20, 6:16-9:1, 13:9-14:15, 15:4-12, 16:15-18, 17:12-20:22, 27:15-29:21, 52:17-53:11, 61:9-63:19, 71:16-74:6, 76:11-77:4, 79:11-18, (includes depo.ex. 3), 131:14-134:17, 149:1-6, 160:1-163:2, 176:22-178:4, 179:18-180:5, 191:21-192:7, 192:19-193:6. We have annexed these transcript designations as Exhibit X.

**C. Designations From The Depostion Testimony Of Robert C. Walsh**

We respectfully request the following testimony from Mr. Walsh, obtained in this case on November 19, 1999, be admitted: 17:3-6, 19:10-14, 23:6-24:5, 23:19-24:2, 63:14-64:3, 64:16-65:12, 94:16-95:6, 157:16-160:5, 190:18-193:5, 194:2-196:12, 205:10-206:2, 209:1-7. We have annexed these transcript designations as Exhibit Y.

**D. Designations From The Depostion Testimony Of Joel W. Moor**

We respectfully request the following testimony from Mr. Moor, obtained in this case on November 23, 1999, be admitted: 13:2-13:16, 13:25-14:21, 14:25-16:3, 17:24-20:6, 20:16-22:9, 22:14-17, 23:1-8, 23:21-24:1, 24:24-25:10, 26:6-17, 29:7-30:20, 35:17-36:4, 36:20-24, 39:9-41:5, 41:12-43:17, 48:22-49:10, 49:13-51:21, 52:13-53:5, 55:17-25, 56:20-58:15, 59:16-63:11, 67:17-68:14, 70:16-71:3, 72:17-73:3, 76:7-78:21, 78:25-79:2, 91:1-93:1, 94:12-95:19, 101:6-106:14, 109:9-17, 112:23-113:2, 113:21-114:6, 116:4-118:13, 120:7-19, 122:20-123:1, 124:5-125:1, 125:20-126:9, 127:6-19, 129:1-25, 132:1-13, 132:18-133:18, 133:22-25, 137:5-138:11 , 139:12-

14, 141:24-143:25, 145:24-146:13, 150:18-151:10, 152:18-153:8. We have annexed these transcript designations as Exhibit Z.

**E. Designations From The Depostion Testimony Of Donald Kramer**

We respectfully request the following testimony from Mr. Kramer, obtained in this case on November 12, 1999, be admitted: 18:15-18:29,19:19-21:3, 21:23-24:15, 27:21-27:24, 31:10-31:8, 32:5-33:8, 33:25 - 36:20, 41:3-41-17, 43:13-44:6, 44:19-47:5, 48:21-49:1, 53:24-54:4, 55:7-55:13, 56:6-56:13, 58:21-64:23, 66:3-66:22, 71:24-72:9, 72:24-74:16, 75:12-75:21, 82:3-84:21, 85:10-86:11, 88:4 - 88:10, 89:19-90:17, 91:10-91:19, 92:4-92:25, 98:18-101:6, 103:18-104:2, 108:21-109:7, 114:9-114:23, 116:6-118:1, 117:3-118:1, 119:16-120:24, 121:18-121:22, 123:22-123:25, 124:25-125:11, 126:2-126:10, 127:21-128:11, 129:17-129:24, 131:22-132:133:3, 137:11-139:1, 142:3-143:8, 144:12-145:21, 148:9-148:15, 149:6-150:7, 152:10-153:19, 154:25-155:13, 157:3-158:3, 160:24-167:22, 175:14-175:24, 177:12-177:25, 184:14-185:24, 186:13-187:12. We have annexed these transcript designations as Exhibit AA.

**F. Designations From The Depostion Testimony of J. Paul Ramey**

We respectfully request the following testimony from Mr. Ramey, obtained in this case on April 12, 2005, be admitted: 24:4-24:14, 45:19-46:1, 72:5-72:11, 95:21-96:3, 109:13-109:24, 110:15-111:20, 113:17-114:4, 118:5-118:18, 121:14-121:24, 125:11-126:8, 129:19-130:5, 138:4-139:24, 142:7-142:20, 145:18-146:3, 151:7-151:20, 155:13-155:24. We have annexed these transcript designations as Exhibit BB.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

/s/ David A. Levitt by
/s/ Delisa M. Sanchez
DAVID A. LEVITT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street N.W.
Washington, D.C. 20005
Tel: (202) 307-0309

Attorneys for Defendant

OF COUNSEL:

TAREK SAWI
Senior Trial Counsel

ARLENE PIANKO GRONER
ELIZABETH HOSFORD
F. JEFFERSON HUGHES
DELISA M. SANCHEZ
AMANDA TANTUM

January 22, 2008

CERTIFICATE OF FILING

I hereby certify that on this 22nd day of January 2008, a copy of the foregoing "DEFENDANT'S COUNTER-DESIGNATIONS AND OBJECTIONS TO PLAINTIFFS' DESIGNATIONS OF DEPOSITION TESTIMONY FOR TRIAL, AND DESIGNATIONS OF DEPOSITION TESTIMONY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Delisa M. Sanchez
Delisa M. Sanchez