**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AMBASE CORPORATION AND CARTERET BANCORP, INC.,<br><br>Plaintiffs,<br><br>and<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 93-531<br>(Judge Loren Smith) |

**PLAINTIFFS' COUNTER-DESIGNATIONS OF**
**DEPOSITION TESTIMONY FOR TRIAL**

Pursuant to the Court's order of January 14, 2008, Defendant and Plaintiff-Intervenor, on January 22, 2008, submitted original and counter-designations of deposition testimony. *See* Docs. 256, 257. In response to these designations, Plaintiffs AmBase Corporation and Carteret Bancorp, Inc. ("AmBase") respectfully submit additional designations that should in fairness be considered contemporaneously with Defendant's and Plaintiff-Intervenor's submissions. AmBase also respectfully submits responses to the general objections raised by the Defendant in its January 14 filing.

**I. Counter-Designations to Defendant's and Plaintiff-Intervenor's Designations**

While Defendant has designated more than necessary to clarify or respond to AmBase's original designations, and while Defendant has, for its original designations, failed to "show

cause why the deposition testimony should be admitted," RCFC Appendix A, ¶ 15(b), and while Plaintiff-Intervenor's indiscriminate designation of the near entirety of several depositions (especially those of Ms. Hughes and Messrs. Green and Vordtriede) runs afoul of this Court's rules and the spirit of the January 14 order, AmBase does not object to these designations.[1] AmBase respectfully submits, however, that if the Court admits the testimony designated by the Defendant and Plaintiff-Intervenor, it should also admit the following designations, which are needed to counter and place in context the testimony designated by the government and FDIC, and "which ought in fairness . . . be considered," RCFC 32(a)(4):

| | |
|---|---|
| Robert Albanese | 47:4-47:9; 47:13-47:17; 100:19-100:24; 127:25-128:25; 151:24-152:10 (attached as Ex. A) |
| Brent Beesley | 10:9-11:6; 11:22-12:1; 44:13-46:5 (attached as Ex. B); and from the common discovery deposition in this case: 4:11-4:20; 49:5-50:9; 69:16-70:12; 70:21-71:18; 71:23-72:13; 77:4-78:1; 94:13-95:16; 97:19-99:1; 99:19-100:9; 100:19-100:24 (attached as Ex. C) |
| Thurman Connell | 11:16-11:23; 13:2-16:2; 27:12-27:24; 31:20-33:8; 71:4-73:15; 84:22-85:6; 93:23-95:4; 114:11-114:16; 409:2-409:20; 418:15-418:22; 421:2-421:22 (attached as Ex. D) |
| Donna L. Cribbs | 87:7-87:24; 90:2-90:6; 103:18-103:25; 104:12-111:19 (attached as Ex. E) |
| William Day | 21:9-22:16; 40:2-40:13; 51:6-51:18; 53:22-54:20; 107:8-107:16; 163:6-163:25; 164:15-164:19; 220:2-220:19; 297:16-297:25; 349:2-349:11 (attached as Ex. F) |

[1] AmBase does not waive, however, any other objection to this testimony "under the rules of evidence applied as though the witness were then present and testifying." RCFC 32(a).

| | |
|---|---|
| Brian Dittenhafer | 65:4-65:10; 68:22-71:11; 76:12-76:17; 78:19-79:13; 86:11-86:19; 88:20-89:9; 92:14-93:8; 94:11-94:15; 98:17-99:11; 101:2-102:14; 103:11-105:1; 106:15-106:18; 107:5-107:10; 124:23-125:8; 137:13-137:24; 139:5-142:4; 152:18-153:25; 168:9-168:15; 208:5-208:24; 218:16-218:21; 229:10-229:24; 232:5-232:10 (attached as Ex. G) |
| Michael Finn | 14:17-14:22; 33:24-34:12; 42:7-43:5; 45:13-45:21; 46:1-47:7; 70:13-72:12; 140:8-140:15; 163:17-163:21; 169:18-171:18; 172:9-173:23; 189:15-191:23; 209:5-209:23; 221:1-222:1 (attached as Ex. H) |
| Wayne Green | 324:9-328:10; 373:2-374:7; 391:5-391:12; 404:1-406:2; 406:23-408:7 (attached as Ex. I) |
| Edward Griffin | 95:11-96:9; 101:13-101:20; 101:21-102:12 (attached as Ex. J) |
| Herbert J. Held | 30:11-30:22; 30:23-31:14; 33:20-34:5; 34:6-34:10; 50:19-52:16; 52:17-53:17; 120:8-120:14 (attached as Ex. K) |
| Steven Johnston | 75:20-76:11 (attached as Ex. L) |
| Joseph Kehoe | 32:3-32:10; 34:14-35:22; 67:4-67:18; 73:21-74:1; 94:14-94:22; 101:14-101:25; 131:3-133:2 (attached as Ex. M) |
| Donald Kramer | 64:24-65:14; 66:23-67:2; 99:4-99:8; 101:7-101:24; 126:11-126:18; 140:7-141:3; 146:4-147:9; 160:24-161:3; 187:17-188:2 (attached as Ex. N) |
| Gloria Maligaya | 26:14-27:18; 39:25-40:12; 94:9-96:11 (attached as Ex. O) |
| Russell Meyer | 8:12-8:15; 8:18-9:4; 12:21-13:3; 25:3-25:15; 27:10-27:12; 100:20-101:8; 147:19-148:3; 160:16-161:11; 164:12-164:19; 165:15-165:18; 255:19-256:15 (attached as Ex. P) |
| James Mindnich | 70:7-71:23; 74:7-75:2; 80:5-82:11; 163:4-165:9; 183:8-187:25 (attached as Ex. Q) |
| J. Wayne Moor | 12:3-13:1; 13:17-13:24; 22:9-22:13; 22:18-22:19; 23:9-23:13; 24:2-24:23; 27:13-27:14; 28:12-28:15; 30:21-31:19; 36:5-36:19; 38:1-38:19; 43:18-44:6; 44:16-46:6; 54:12-55:6; 56:1-56:8; 63:12-64:14; 71:4-72:16; 73:4-73:18; 100:10-101:5; 113:3-113:20; 121:10-122:2; 123:12-124:4; 125:10-125:19; 126:17-127:5; 138:12-138:19; 144:22-145:23; 146:18-147:7; 148:12-148:23; 150:11-150:17; 153:9-155:21; 156:17-157:2 (attached as Ex. R) |

| | |
|---|---|
| Robert O'Brien | 17:3-17:8; 43:18-44:4; 176:19-176:21; 180:1-180:9; 182:11-182:14; 182:15-183:2; 196:18-197:1; 226:17-226:21; 229:13-229:19; 235:14-236:11; 256:18-256:22; 257:1-257:7 (attached as Ex. S) |
| Thomas O'Rourke | 19:6-19:16; 34:17-34:19; 43:22-44:4; 68:5-68:11; 162:6-162:16 (attached as Ex. T) |
| J. Paul Ramey | 9:16-11:18; 22:5-22:16; 30:2-32:5; 43:9-45:18; 46:2-46:4; 47:3-49:7; 52:16-53:20; 59:13-60:6; 60:17-61:13; 72:12-72:15; 72:20-73:18; 73:19-74:3; 74:4-75:12; 75:13-75:23; 75:24-76:1; 83:22-84:21; 85:3-85:9; 96:4-96:8; 109:25-110:7; 114:5-114:8; 114:19-114:24; 136:5-137:12; 142:21-142:23; 144:8-145:17; 150:11-150:21; 151:21-152:4; 152:5-153:7 (attached as Ex. U) |
| Michael Saran | 27:22-28:14; 98:13-108:16; 120:22-122:19 (attached as Ex. V) |
| Michael Simone | 62:21-64:13; 116:3-117:7 (attached as Ex. W) |
| Angelo Vigna | 77:13-77:24; 96:4-96:21; 132:18-133:8; 139:18-140:4; 142:13-142:25; 143:17-146:4; 150:14-151:12; 152:4-153:17; 189:11-190:1; 190:20-191:16; 197:21-198:9 (attached as Ex. X); and from the common discovery deposition: 55:5-55:10; 58:23-59:3; 60:19-61:14; 74:24-75:7; 89:8-90:4; 91:1-92:1; 116:13-117:13; 139:24-141:2; 178:13-178:25; 199:22-200:1; 209:10-210:25; 212:12-214:2 (attached as Ex. Y) |
| James Vordtriede | 18:8-18:15; 76:1-77:12; 137:3-137:10; 193:22-196:5; 224:24-225:19; 316:6-320:22; 321:1-322:4; 322:18-323:4; 329:21-330:11; 335:22-337:8; 339:8-339:14; 356:7-357:1; 367:17-371:18; 413:16-416:18 (attached as Ex. Z) |
| Robert C. Walsh | 64:4-64:15; 66:13-66:15; 67:13-69:4; 161:2-161:17; 162:3-162:10; 162:21-163:22; 200:1-200:10; 201:1-202:2; 216:12-217:6 (attached as Ex. AA) |

## II. Response to Defendant's Objections to AmBase's Deposition Designations

### A. Response to Defendant's General Objection

Defendant objects to the use of deposition testimony from Ms. Maligaya, Ms. Hughes, Ms. Tama, and Messrs. Dittenhaffer, Connell, Vigna, Mindnich, Griffin, Held, Green, and Vordtriede as admissions of party opponents pursuant to Rule 801(d)(2). The government asserts that "none of these individuals were employed by the United States at the time of their depositions." Doc. 256 at 8.

With respect to Ms. Maligaya and Messrs. Dittenhafer, Connell, Vigna, Griffin, and Mindnich, AmBase agrees with the government: these witnesses were not employed by the United States at the time of their depositions. This is precisely why AmBase did *not* seek to designate their testimony under Rule 801(d)(2). *See* Doc. 244 at 11-12, 14-15. The government, then, is objecting to a motion AmBase has not made. Instead, AmBase moved to designate these depositions under RCFC 32(a)(3)(E) (allowing designation of deposition testimony for trial where the witness "is at a greater distance than 100 miles from the place of trial"). *See* Doc. 244 at 14-15. The government opposed that motion, both in a written response and at a pretrial conference before the Court. *See* Doc. 248 at 8 (objecting to the designation of Ms. Maligaya and Messrs. Dittenhafer, Connell, Vigna, and Mindnich because they "were not employed by the United States at the time of their depositions"); Telephonic Pretrial Conference before Judge Smith (January 8, 2007) (transcript unavailable). In its order of January 14, 2008, the Court granted in full Plaintiffs' Motion for Designation of Deposition Testimony for Trial. *See* Doc. 250. Accordingly, the government's now twice-rejected and thrice-repeated blanket objection "to the use of any statements" in these depositions, Doc. 256 at 8, is unwarranted and should again be denied.

With respect to Ms. Tama, Ms. Hughes, and Messrs. Green, Held, and Vordtriede, the government has already had, and taken advantage of, an opportunity to object to the designation of these witnesses' testimony, and the Court has effectively overruled those objections by granting AmBase's motion. In any event, the government's objections to the designations of these witnesses' testimony are simply wrong: as these witness's depositions make plain, each was employed by the government at the time of his or her deposition. *See* Tama Dep. at 16:2-16:5 (testifying that she is currently employed by NASA) (attached as Ex. H to Doc. 244); Hughes Dep. at 10:11-10:15 (testifying that she is currently employed as the Deputy Director and Controller of the FDIC's Division of Finance) (attached as Ex. K to Doc. 244); Green Dep. at 22:24-23:8 (testifying that he is currently employed as a senior receivership liability accountant at the FDIC in Dallas) (attached as Ex. J to Doc. 244); Held Dep. at 11:3-11:8 (testifying that he is currently employed as the FDIC's Assistant Director of Resolutions and Receiverships and Franchise and Asset Marketing Branch) (attached as Ex. E to Doc. 244); Vordtriede Dep. at 17:8-17:15 (testifying that he is currently a financial management analyst at the FDIC's Division of Resolutions and Receiverships) (attached hereto as Ex. Z). *See also* Defendant's Witness List (Doc. 255) at 13-14 (detailing Mr. Green's past and current employment with the FDIC); *id.* at 15 (detailing Ms. Hughes past and current employment with the FDIC and stating that "[s]he reports directly to the Director of [the Division of Finance]"); *id.* at 23 (detailing Mr. Vordtriede's past and current employment with the FDIC).

**B. <u>Response to Defendant's Specific Objections as to Individual Designations</u>**

In its January 22 filing, the government raises a number of evidentiary objections to specific designations made by AmBase. The government's objections are untimely, as it failed to note these objections either in its opposition to our motion to designate or, in many cases,

during the depositions. In addition, many of these objections are broad statements (such as "relevance," "speculation," and "vague") with no accompanying explanation of the specific nature of the objection. AmBase reserves the right to respond to these objections once their basis is more fully articulated and as the Court deems necessary and appropriate at trial.

Respectfully submitted,

/s/ Charles J. Cooper
Charles J. Cooper
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
*Counsel of Record*

Of Counsel:

Vincent J. Colatriano
David H. Thompson
Jesse Panuccio
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)

Dated: February 5, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of February 2008, I caused to be served by the Court's electronic filing system copies of the foregoing on the following counsel:

David Levitt, Esq.
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
1100 L Street, N.W.—Room 12006
Attn: Classification Unit—8th Floor
Washington, DC 20530

Andrew Gilbert, Esq.
FDIC Legal Division
550 17th Street, N.W.
Room 2098
Washington, DC 20429

/s/ Jesse Panuccio
Jesse Panuccio