**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AMBASE CORPORATION AND CARTERET BANCORP, INC., Plaintiffs, | ) | |
| and | ) | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff-Intervenor, | ) | Case No. 93-531C (Senior Judge Loren Smith) |
| v. | ) | |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO SUBMIT PARTY ADMISSIONS AS SUBSTANTIVE EVIDENCE**

Defendant, the United States, respectfully opposes the motion of plaintiffs Ambase Corporation and Carteret Bancorp, Inc. ("AmBase") for leave to file excerpts of the deposition testimony of Professor Roy C. Smith for use as substantive evidence at the trial in this case. As grounds for its motion to conduct trial-by-deposition, AmBase relies upon Fed. R. Evid. 801(d)(2)(C) and Glendale Fed. Bank, FSB v. United States, 39 Fed. Cl. 422 (1997) to support its argument that Professor Smith's deposition is testimony of a party witness. AmBase has, however, failed to establish the requisite elements to designate deposition testimony. Designation of deposition testimony is a last resort, used only when a witness is unavailable to appear at trial. It is undisputed that Professor Smith will appear at trial. Indeed, that is the basis upon which AmBase seeks to admit his expert deposition testimony as substantive evidence.

Motion at 6. Moreover, AmBase has failed to satisfy its burden of proving that an exception to the rule precluding the admission of out-of-court statements by available witnesses applies to Professor Smith. Accordingly, the Court should preclude AmBase from entering Professor Smith's deposition testimony into evidence.

Should the court grant plaintiffs' motion, without waiving our opposition to such a ruling, we respectfully request leave to submit counter-designations in response to plaintiffs' deposition designations.

## ARGUMENT

### I. When, As Here, There Has Been No Showing As To A Witness's Unavailability To Testify At Trial, There Is A Strong Preference For Live Testimony

The preference for live testimony, when available, has been well noted by the courts. In both civil and criminal cases, our common law heritage has always favored the presentation of live testimony over the presentation of hearsay testimony by out-of-court declarants. See McCormick Evidence 2d § 244. The factfinder's observation of the demeanor of the witnesses and the effectiveness of cross-examination in the discovery of the truth are the traditional reasons for the preference, even though the out-of-court statement had been given under oath. See United States v. Mathis, 559 F.2d 294, 299 (5th Cir. 1977); Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc., 216 F.R.D. 521, 522 (D. Utah 2003) ("'The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand'") (quoting Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939) (Hand, J.)); Banks v. Yokemick, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) ("The general rule is that testimony at all trials must be live . . . [D]eposition testimony is only a substitute, not to be resorted to if the

witness can appear in person."). Live testimony is necessary to provide the Court with an opportunity to evaluate the witness's demeanor during the discussion of the relevant events. Obviously, reading a deposition transcript would not serve as an adequate alternative to evaluating the witness's testimony in person. See American Steel Works v. Hurley Construction Co., 46 F.R.D. 465, 470 (D. Minn. 1969) (observing that "[t]he taking of a deposition is not equivalent to having 'live' testimony"); see also Grimma v. Makousky, 76 F.3d 151, 153 (7th Cir. 1996) ("strong preference of Anglo-American courts for live testimony"). Accordingly, Anglo-American courts have recognized a strong "interest of justice" in having witnesses testify live, and AmBase has failed to provide any reason why that interest can be ignored.

## II. Ambase Failed To Disclose Its Intent To Offer Professor Smith's Deposition Testimony Pursuant To The Court's Rules

The Court should deny AmBase's motion because AmBase failed to disclose its intent to file the motion at the meeting of counsel, as required by ¶13(c) of Appendix A to the Rules of the United States Court of Federal Claims. Paragraph 13(c)(1) requires the parties, at the meeting of counsel, to "disclose to opposing counsel the intention to file a motion for leave to file a transcript of deposition for introduction at trial." No disclosure was made in this case for Professor Smith, notwithstanding our listing of Professor Smith as a "will call" witness on the preliminary witness list served upon AmBase prior to the meeting.

In its motion, AmBase incorrectly claims that disclosure of its motion is timely because this Court, in Glendale Fed. Bank, FSB v. United States, 39 Fed. Cl. 422, 424-25, "instructs" that a motion seeking designation of expert testimony "cannot be filed until trial has begun." Motion at 2 n.1. To the contrary, Glendale merely notes that, "[b]y the time the trial begins, we may

assume that those experts who have not been withdrawn are those whose testimony reflects the position of the party who retains them." Id. at 424. Glendale neither addresses ¶13(c) nor holds that a party may postpone disclosure of its intent to designate the deposition testimony of expert witnesses until the commencement of trial, or, indeed, at the commencement of trial. Instead, AmBase waited until cross-examination of its last witness was underway to provide notice of its request to admit Professor Smith's testimony. Therefore, the Court should deny AmBase's motion as untimely.

## III. AmBase Has Failed To Satisfy Its Burden Of Demonstrating That Professor Smith's Deposition Testimony Is Admissible Under Rule 32 Of The Court's Rules

A party seeking to introduce deposition testimony has the burden to establish that the deposition testimony complies with the requirements set forth in the rules. See Angelo v. Armonstrong World Indus., 11 F.3d 957, 963 (10th Cir. 1993); Allegier v. United States, 909 F.2d 869, 876 (6th Cir. 1990). If that burden is not met, the Court should exclude the designated deposition testimony. Northwestern Nat. Ins. Co. v. Baltes, 15 F.3d 660 (7th Cir. 1994).

AmBase fails to even allege that the proposed designations comply with Rule 32(a) of the Court's Rules, which provides the circumstances under which depositions may be used in Court proceedings. For instance, the Rule provides that a deposition of a party may be introduced under certain conditions. Rule 32(a)(2). Moreover, a deposition may be used for impeachment purposes, or in the case of witnesses who are unavailable for reasons specified in the Rule. Id. at (a)(1), (a)(3). In apparent recognition that the proposed designation fails to satisfy the prerequisites of Rule 32, AmBase contends that Rule 32 is inapplicable because the Court allowed expert testimony to be designated in Glendale "without referring to RCFC 32(a)."

Motion at 2 n.1, citing Glendale, 39 Fed. Cl. at 425. The absence of mention of Rule 32(a) in the Glendale opinion, however, cannot be construed as a sub silentio finding that it is inapplicable.

Further, we respectfully disagree with the cases cited by AmBase indicating the Fed. R. Evid. 801(d)(2) constitutes an independent basis for admitting deposition testimony. These cases are contrary to the long-standing preference for live testimony explained above. Motion at 3, citing Long Island Sav. Bank, F.S.B. v. United States, 63 Fed. Cl. 157 (2004), Globe Sav. Bank, F.S.B. v. United States, 61 Fed. Cl. 91 (2004), and the Court's Order in Anchor Sav. Bank, F.S.B. v. United States, No. 95-39C (Fed. Cl. May 17, 2005).

Further, the cases are at odds with Kolb v. County of Suffolk, 109 F.R.D. 125 (E.D.N.Y. 1985), where the court rejected an interpretation of Rule 801(d)(2) that would provide for "trial by deposition." In Kolb, the court denied a motion to introduce at trial the depositions of defendant's employees when the employees were available to testify. The court stated that "[t]he question of admissibility of a deposition must be determined by reference to both Fed. R. Civ. P. 32(a) and the Federal Rules of Evidence." Id. at 128. The court found, however, that the depositions were not admissible pursuant to Rule 32(a), and assuming "arguendo" that Rule 801(d)(2) of the Federal Rules of Evidence provides a separate basis to admit the depositions, that they should not be admitted pursuant to Rule 801(d)(2) because it "is rarely applied to allow admission of whole depositions of witnesses who could easily appear at trial on a party's direct case." Id.

AmBase's attempt to admit, as substantive evidence, large portions of Professor Smith's deposition testimony invokes the same concerns over "trial by deposition" that are raised in Kolb. Therefore, the Court should deny AmBase's motion.

## III. Professor Smith's Deposition Testimony Does Not Satisfy The Requirement Of Rule 801(d)(2)(C)

Even assuming that Rule 801(d)(2)(C) is an independent basis for introducing deposition testimony at trial, Professor Smith's testimony is inadmissible. Pursuant to Rule 801(d)(2)(C), a statement is an admission by a party opponent, and not hearsay, if made "by a person authorized by the party to make a statement concerning the subject." Rule 801(d)(2)(C) requires the declarant to be "an agent of the party-opponent against whom the admission is offered, and this precludes the admission of the prior testimony of an expert witness where, as normally will be the case, the expert has not agreed to be subject to the client's control in giving his or her testimony." Kirk v. Raymark Indus., 61 F.3d 147, 164 (3rd Cir. 1995); see also In re Hidden Lake Ltd. Partnership, 247 B.R. 722. 724 (2000); Bostick v. ITT Hartford Group, 82 F.Supp.2d 376, 379 (2000); Sabel v. Mead Johnson & Co., 737 F.Supp. 135, 138 (D.Mass.1990).

Professor Smith is an expert witness retained by the Government to provide impartial, independent testimony. He has not been directed to make any statements by the United States, and he is not under our control. Therefore, he cannot be deemed a person "authorized by" the Government to make a statement for purposes of Rule 801(d)(2)(C). Kirk, 61 F.3d at 164 ("Because an expert witness is charged with the duty of giving his or her expert opinion regarding the matter before the court, we fail to comprehend how an expert witness, who is not an agent of the party who called him, can be authorized to make an admission for that party.")

AmBase cites Glendale, 39 Fed. Cl. at 425, to support its claim that Professor Smith's impartial expert testimony should be deemed an authorized statement for purposes of Rule 801(d)(2)(C).[1] Motion at 6. In Glendale, the Court held that expert deposition testimony may be admissible as an admission of a party opponent when it is clear that the expert has been authorized to testify at trial on behalf of the party, regardless of whether the expert is the party's agent. Glendale, 39 Fed. Cl. at 424-25. We respectfully submit that Glendale was wrongly decided.

In Glendale, the Court reasoned that Rule 801(d)(2)(D) should not be solely applied to experts who are agents of a party because such an interpretation would render superfluous Rule 801(d)(2)(D), which also applies to "agents" of a party. Id. at 424. That reasoning, however, ignores the fact that Rule 801(2)(D) applies solely to agents acting within the scope of their agency, and does not address statements by agents that are authorized by a party, yet not within the scope of the agency. Similarly, Section 801(2)(C) does not address circumstances in which an agent makes a statement, within the scope of his agency, that is not expressly authorized and endorsed by the principal. Thus, application of Rule 801(2)(C) solely to agents of a party does not render Section 801(2)(D) superfluous. Further, the Court's reasoning does not adequately account for the fact that statements by an independent expert made at a deposition that are not authorized by a party cannot be assumed to be authorized for purposes of the expert's trial

[1] The other cases cited by AmBase, Banks v. United States, 78 Fed. Cl. 603 (2007), and PG&E v. United States, 73 Fed. Cl. 333, 438, 440 (2006), are inapposite because they do not address deposition testimony of expert witnesses hired by a party to provide impartial, independent testimony at trial.

testimony.[2] Therefore, the rule established in Kirk v. Raymark should be applied here, and the Court should deny AmBase's motion because Professor Smith's deposition testimony is not an admission of the Government for purposes of Rule 801(d)(2)(C).[3]

## IV. The United States Reserves Its Right To Object To Portions Of The Deposition Testimony And To Counter-Designate Deposition Testimony

Even if this Court holds that Rule 801(d)(2)(C) of the Federal Rules of Evidence allows for the admission of Professor Smith's deposition testimony as substantive evidence, portions of the deposition testimony designated by AmBase may nonetheless be inadmissible to the extent that they contain objectionable statements under the Federal Rules of Evidence. Therefore, the United States reserves its right to object, under the Federal Rules of Evidence, to the admission of portions of the deposition testimony otherwise found to be admissible by the Court, and to counter-designate deposition testimony under Rule 106 of the Federal Rules of Evidence and RCFC 32(a)(4).

---

[2] In addition, designation of Professor Smith's deposition testimony is inappropriate because a witness is not deemed an expert witness until qualified by the Court. See United States v. Shay, 57 F.3d 126, 133-134 (1st Cir. 1995). Professor Smith has not been qualified by the Court to provide substantive expert testimony. To admit as substantive evidence the deposition testimony of a Government expert on the basis that the testimony constitutes an authorized admission of the Government contravenes the fundamental principle that "the calling party must qualify the witness to testify as an expert first, before any substantive testimony is given." Mueller & Kirkpatrick, 3 Federal Evidence 349, at 602 (2d ed. 1994).

[3] In a footnote, AmBase asserts that, if the Court finds that Professor Smith's deposition testimony is not admissible under Rule 801(d)(2)(C), then, alternatively, it should be deemed admissible as a statement by an "agent" for purposes of Rule 801(d)(2)(D). Motion at 2, n.1. AmBase provides no evidence or support for its alternative assertion that Professor Smith is an agent of the United States. Further, that assertion is directly contrary to this Court's finding, in Glendale, 39 Fed. Cl. at 425, that expert witnesses hired to testify at trial are "non-agents."

**CONCLUSION**

For the reasons set forth above, we respectfully request that AmBase's motion to submit party admissions as substantive evidence be denied. In the alterative, we respectfully request leave to submit counter-designations in response to plaintiffs' deposition designations.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

s/ David A. Levitt
by Elizabeth M. Hosford
DAVID A. LEVITT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street N.W.
Washington, D.C. 20005
Tel: (202) 307-0309

Attorneys for Defendant

OF COUNSEL:

TAREK SAWI
Senior Trial Counsel

ARLENE PIANKO GRONER
ELIZABETH HOSFORD
F. JEFFERSON HUGHES
DELISA M. SANCHEZ
AMANDA TANTUM

February 24, 2008

CERTIFICATE OF FILING

I hereby certify that on this 24th day of February 2008, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO SUBMIT PARTY ADMISSIONS AS SUBSTANTIVE EVIDENCE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Elizabeth M. Hosford
Elizabeth M. Hosford