**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| AMBASE CORPORATION AND CARTERET BANCORP, INC., | |
| Plaintiffs, | |
| and | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, | |
| Plaintiff-Intervenor, | Civil Action No. 93-531C |
| v. | (Judge Loren Smith) |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO SUBMIT PARTY <u>ADMISSIONS AS SUBSTANTIVE EVIDENCE</u>**

As predicted, the government opposes Plaintiffs' Motion to Submit Party Admissions as Substantive Evidence ("Motion") by advancing discredited and inapplicable legal theories—theories this Court has already rejected both during the course of this litigation and in other cases. Indeed, the government candidly admits that its opposition is based upon a disagreement with *every single precedent* in this Court bearing on whether the motion should be granted, including this Court's well-reasoned opinion in *Glendale Federal Bank, FSB v. United States*, 39 Fed. Cl. 442 (1997). Moreover, the government misreads the Rules of this Court and misrepresents the facts of this case.

## ARGUMENT

**I. As Explained in Plaintiffs' Motion, Witness Unavailability Has No Bearing on the Use of Party Admissions as Evidence Under Federal Rule of Evidence 801(d)**

In its Response, the government recycles the fallacious argument it advances every time a party seeks to submit as evidence the government's own admissions—namely, that the common law expresses a preference for live testimony. *See* Doc. 271 at 2-3; Doc. 248 at 2-3; *Long Island Savings Bank, F.S.B. v. United States*, 63 Fed. Cl. 157, 163 (2004) ("[T]he government argues that the common law's preference for live testimony precludes admitting deposition testimony . . . ."); *Globe Savings Bank, F.S.B. v. United States*, 61 Fed. Cl. 91, 94 (2004) ("[T]he government contends that plaintiffs have made no showing that [the witness] would be unavailable to testify at trial and that plaintiffs have not overcome the law's preference for live testimony."). Plaintiffs' Motion fully rebuts this argument. Doc. 267 at 3-5. It is sufficient to reiterate here that this argument has *never* prevailed in this Court, including in this case. *See, e.g.*, Order of Jan. 8, 2008, Doc. 250 (granting AmBase's Motion for Designation of Deposition Testimony); *Long Island Savings Bank*, 63 Fed. Cl. at 164 (noting that a movant under Rule 801(d) "need not demonstrate that any of the declarants whose deposition testimony it seeks to admit at trial . . . will be unavailable as witnesses at trial.").

**II. Appendix A of the RCFC Does Not Prohibit Admission of Professor Smith's Deposition Testimony**

The government contends that the Court should deny AmBase's Motion because AmBase failed, pursuant to RCFC App. A. ¶13(c)(1), to disclose at the pretrial meeting of counsel its intent to file motions to designate deposition testimony as substantive evidence. This argument is factually inaccurate and legally incorrect. Moreover, even if the government were correct as a

matter of fact and law, it has suffered no prejudice. Indeed, the government has engaged in the same conduct it posits as grounds for denying Plaintiffs' Motion**.**

First, as a factual matter, the government is simply wrong that AmBase did not disclose its intent to introduce deposition testimony at trial. To the contrary, counsel for AmBase announced this intention at the pretrial meeting of counsel. Tellingly, the government lodged no ¶13(c) objection when AmBase filed its first motion to designate deposition testimony. *See* Doc. 248. Moreover, in that motion AmBase explicitly put the parties on notice that it might seek to designate additional deposition testimony pursuant to Fed. R. Evid. 801(d). *See* Doc. 244 at 7 n.1 ("AmBase nevertheless reserves the right to move for leave to designate additional deposition testimony that may be admissible under Fed. R. Evid. 801(d)."). Here again, the government raised no objection to that notice in its response to that motion. *See* Doc. 248. Lastly, rather than filing its motion in an untimely manner, AmBase followed the rule of *Glendale*, which holds that testimony of a party's expert is not admissible as the admission of a party opponent until trial opens. *See Glendale*, 63 Fed. Cl. at 425. It would make little sense for a party to file a motion it knows will be denied on the grounds that it is premature.

Second, as a matter of law, the government's reading of ¶13(c) is untenable. Paragraph 13 is a subsection of Appendix A and must be read *in pari materia* with the other subsections in the Appendix. Paragraph 13(c)(1) generally requires that parties disclose the issues and contentions that will appear in its Appendix A filings. For example, ¶13(c)(3) requires that a party "[d]isclose to opposing counsel all contentions as to applicable facts and law." Paragraph 14 then requires the parties to file a memorandum of contentions of fact and law. The notice in ¶13(c)(3) tracks the subject matter of ¶14. Similarly, ¶13(c)(1) tracks the subject matter of ¶15(b), which requires that, before the pretrial conference, a party "intending to present

substantive evidence by way of deposition testimony, *other than as provided by Fed. R. Evid. 801(d)*, serve and file a separate motion for leave to file the transcript of such testimony." As AmBase has already explained in its Motion, both the plain terms of this Rule—and the cases interpreting the Rule—make clear that a party is not required to file motions under Rule 801(d) as part of its Appendix A filings. *A fortiori*, a party is not required to give notice pursuant to ¶13 for motions falling outside the scope of Appendix A.

Third, even if the government recited the facts correctly, and even if the law were as the government claims, the government has demonstrated absolutely no prejudice that would result from the Court's granting AmBase's motion. It is telling that the government does not even contend, much less prove, that its trial preparation activities were somehow prejudiced by AmBase's supposed failure to announce its intent to designate Professor Smith's testimony. If the government is uncomfortable with the admissions of Professor Smith, it can ask him to explain them on the stand. Nonetheless, those admissions exist and are proper evidence in this case.

Last, the government complains about conduct in which the government itself has engaged. At the meeting of counsel referenced in the Response, the government made no mention of its intention to designate deposition testimony for use as evidence at trial. Yet, in responding to AmBase's initial motion, Doc. 244, the government went well beyond filing counter-designations and designated testimony that was not responsive to any designation made by AmBase and testimony of several *new* witnesses. *Compare* Doc. 244 (making no mention of Messrs. O'Brien, Manley, Walsh, Moor, Kramer, and Ramey), *with* Doc. 256 (seeking leave to designate the testimony of Messrs. O'Brien, Manley, Walsh, Moor, Kramer, and Ramey). The government provided *no* notice of its intention to designate such testimony.

## III. AmBase Has Demonstrated that Professor Smith's Testimony Is Admissible Under All Applicable Rules

The government contends that "AmBase fails to even allege that the proposed designations comply with Rule 32(a) of the Court's rules, which provides the circumstances under which depositions may be used in Court proceedings." Doc. 271 at 4. Rule 32(a)(1), which the government fails to quote,[1] states that "[a]t trial . . . any part or all of a deposition . . . may be used against any party who was present or represented at the taking of the deposition . . . for *any . . . purpose permitted by the Federal Rules of Evidence*." Thus, the government's assertion is a most curious one—indeed an obviously incorrect one—since *every single page* of AmBase's Motion explains why Professor Smith's testimony is admissible under Federal Rule of Evidence 801(d)(2)(C). Thus, the government is left merely to disagree—again—with the entirety of the relevant precedent in this Court. That, AmBase submits, is not a convincing reason to deny its Motion.

## IV. As Explained in AmBase's Motion, Professor Smith's Testimony Fully Satisfies the Requirement of Rule 801(d)(2)(C)

With no other leg to stand on, the government is left to "submit that *Glendale* was wrongly decided." Doc. 271 at 7. As the Court stated in *Glendale*, however, the rule enunciated therein is "coherent and functional," 39 Fed. Cl. at 423, because "[b]y the time trial begins, we may assume that those experts who have not been withdrawn are those whose testimony reflects the position of the party who retains them," *id.* at 424-25. "At this point when an expert is put

[1] Indeed, the government merely states that Rule 32(a) "provides that a deposition of a party may be introduced under certain conditions." Doc. 271 at 4. Given that any greater level of specificity is fatal to the government's argument, it is unsurprising that the Response does not spell out what those conditions are.

forward for trial it is reasonable and fair to presume they have been authorized." *Id.* at 425. As noted in AmBase's Motion, the other precedent in this Court is of a piece with *Glendale*. *See Banks v. United States*, 78 Fed. Cl. 603, 617 (2007); *PG&E v. United States*, 73 Fed. Cl. 333, 438, 440 (2006). That these cases did not involve testimony of experts, but rather the admissibility as admissions of documents prepared by experts, does not undermine—as the government contends—their applicability to the case at bar.

The government relies on *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147 (3d Cir. 1995) to support its contention that this Court wrongly decided *Glendale*. The government fails to note, however, that *Kirk* is not even facially inconsistent with *Glendale*. In *Kirk*, a nonbinding opinion in this Court, the Third Circuit held that an expert's statement in a prior, unrelated case did not constitute an admission by a party in a later case. The Court stated that it was "unwilling to adopt the proposition that the testimony of an expert witness who is called to testify on behalf of a party in one case can later be used against that same party in unrelated litigation, unless there is a finding that the expert witness is an agent of the party and is authorized to speak on behalf of that party." *Id.* at 164. This rule is not inconsistent with—indeed, is even supported by—the reasoning of *Glendale*, which teaches the common sense lesson that a party retains an expert through the start of trial if the expert's opinions "are consistent with those of the sponsoring party." 39 Fed. Cl. at 425. At that point, it is "fair to presume [the expert] ha[s] been authorized." *Id.* The same cannot be said for the factual scenario presented by *Kirk*. The expert's prior opinions in an unrelated case may not reflect the opinions he holds about the new case, and the sponsoring party presumably selects and retains the expert because of his opinions regarding the present case, not the prior case. Thus, it was perfectly reasonable—and consistent

with the common sense approach of *Glendale*—for the Third Circuit to refuse to tie a party to the statements of an expert in a prior case.[2]

## CONCLUSION

For the foregoing reasons, AmBase respectfully requests that the Court enter an order admitting the deposition testimony identified in AmBase's Motion as substantive evidence at trial.

Respectfully submitted,

/s/ Charles J. Cooper_______________
Charles J. Cooper
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
*Counsel of Record*

Of Counsel:

Vincent J. Colatriano
David H. Thompson
Jesse Panuccio
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)

Dated: February 26, 2008

[2] In a footnote, the government argues that it is inappropriate to designate an expert witness's testimony until that witness has been qualified by the Court. Doc. 271 at 8 n.2. This posture is, of course, flatly inconsistent with *Glendale*.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of February 2008, I caused to be served by the Court's electronic filing system copies of the foregoing on the following counsel:

David Levitt, Esq.
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
1100 L Street, N.W.—Room 12006
Attn: Classification Unit—8th Floor
Washington, DC 20530

Andrew Gilbert, Esq.
FDIC Legal Division
550 17th Street, N.W.
Room 2098
Washington, DC 20429

/s/ Jesse Panuccio
Jesse Panuccio