**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **AMBASE CORPORATION AND CARTERET BANCORP, INC.**<br>**Plaintiffs,**<br>**and**<br>**FEDERAL DEPOSIT INSURANCE CORPORATION,**<br>**Plaintiff-Intervenor,**<br>**v.**<br>**THE UNITED STATES OF AMERICA,**<br>**Defendant.** | **Case No. 93-531C**<br>**(Senior Judge Loren Smith)** |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO SUBMIT PARTY ADMISSIONS OF JOHN RYAN AS SUBSTANTIVE EVIDENCE**

Defendant, the United States, respectfully opposes the motion of plaintiffs Ambase Corporation and Carteret Bancorp, Inc. ("AmBase") for leave to file excerpts of the deposition testimony of Mr. John Ryan for use as substantive evidence at the trial in this case. As grounds for its motion to conduct trial-by-deposition, AmBase relies upon Fed. R. Evid. 801(d)(2)(D). AmBase, however, has failed to establish the requisite elements to designate deposition testimony, including overcoming the "interest of justice" of presenting live testimony rather than deposition testimony. See United States Court of Federal Claims Rule ("RCFC") 32(a)(3)(E). Designation of deposition testimony is a last resort, used only when a witness is unavailable to appear at trial, and AmBase has not shown that Mr. Ryan is unable to appear at trial. Moreover, AmBase has failed to satisfy its burden of proving that an exception to the rule precluding the

admission of deposition testimony of an available witness applies to Mr. Ryan. Accordingly, AmBase should be precluded from using the deposition testimony of Mr. Ryan as evidence in its case-in-chief.

We request expedited consideration of plaintiffs' motion and our opposition. Should the court allow plaintiffs' proposed use of this deposition transcript, without waiving our opposition to such a ruling, we respectfully request leave to submit counter-designations in response to plaintiffs' deposition designation. RCFC 32(a)(4).

## ARGUMENT

### I. When, As Here, There Has Been No Showing As To A Witness's Unavailability To Testify At Trial, There Is A Strong Preference For Live Testimony

AmBase offers no evidence, and makes no suggestion, that Mr. Ryan is unavailable to testify live at the trial in this case. Indeed, AmBase named Mr. Ryan as a "may call" in its witness list, and appears to know his current work activities and whereabouts.

The preference for live testimony, when available, has been well noted by the courts. In both civil and criminal cases, our common law heritage has always favored the presentation of live testimony over the presentation of hearsay testimony by out-of-court declarants. See McCormick Evidence 2d § 244. The factfinder's observation of the demeanor of the witnesses and the effectiveness of cross-examination in the discovery of the truth are the traditional reasons for the preference even though the out-of-court statement had been given under oath. See United States v. Mathis, 559 F.2d 294, 299 (5th Cir. 1977); Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc., 216 F.R.D. 521, 522 (D. Utah 2003) ("'The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand'")

(quoting Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939) (Hand, J.)); Banks v. Yokemick, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) ("The general rule is that testimony at all trials must be live . . . [D]eposition testimony is only a substitute, not to be resorted to if the witness can appear in person."). Live testimony is necessary to provide the Court with an opportunity to evaluate the witness's demeanor during the discussion of the relevant events. Obviously, the reading of a deposition transcript would not serve as an adequate alternative to evaluating the witness's testimony in person. See American Steel Works v. Hurley Construction Co., 46 F.R.D. 465, 470 (D. Minn. 1969) (observing that "[t]he taking of a deposition is not equivalent to having 'live' testimony"); see also Grimma v. Makousky, 76 F.3d 151, 153 (7th Cir. 1996) ("strong preference of Anglo-American courts for live testimony"). Accordingly, Anglo-American courts have recognized a strong "interest of justice" in having witnesses testify live, and AmBase has failed to provide any reason why that interest can be ignored.

## II. AmBase Has Failed To Satisfy Its Burden Of Demonstrating That Deposition Testimony Is Admissible Despite The Witness's Availability To Testify At Trial

The party seeking to introduce deposition testimony has the burden to establish that the deposition testimony complies with the requirements set forth in the Rules. See Angelo v. Armonstrong World Indus., 11 F.3d 957, 963 (10th Cir. 1993); Allegier v. United States, 909 F.2d 869, 876 (6th Cir. 1990). If that burden is not met, the designated deposition testimony must be excluded. Northwestern Nat. Ins. Co. v. Baltes, 15 F.3d 660 (7th Cir. 1994).

Nor may AmBase rely upon Fed. R. Evid. 801(d)(2). Mr. Ryan is not a party himself; accordingly, Fed. R. Evid. 801(d)(2) can only provide an avenue for admissibility if he is characterized as a "party's agent[s] or servant[s]." Fed. R. Evid. 801(d)(2)(D). As courts have

noted, however, in keeping with the logic of the common law preference for live testimony, "[i]t is apparent that . . . Rule 801(d)(2) was not intended to permit the introduction of . . . defendant's employees' entire depositions for substantive purposes where employees are readily available to testify at trial." Kolb v. County of Suffolk, 109 F.R.D. 125, 128 (E.D.N.Y. 1985).

Indeed, even if Mr. Ryan's deposition testimony fell within Fed. R. Evid. 801(d)(2)(D), to be admissible, it would still need to fall within RCFC 32(a), upon which plaintiff cannot rely. The only potentially applicable provision under RCFC 32(a) is subsection (1), because Mr. Ryan is available to testify. RCFC 32(a)(1), however, only permits deposition testimony to be introduced where at least one of the purposes of the deposition is to "contradict or impeach" the witness. RCFC 32(a)(1); see also 8A Wright & Miller, Federal Practice and Procedure, § 2144 (language added to rule "to recognize that a deposition used to impeach or contradict could also be used" for any other purpose permitted by the rules of evidence) (emphasis added); Schlange-Schoemingen v. Parrish, 767 F.2d 788, 794 (11th Cir. 1985) (discussing trial court's discretionary use of Rule 32(a)(1) to permit transcript of deposition that had already been introduced at trial, to be brought to jury room). Because AmBase is using Mr. Ryan's testimony in its case-in-chief, it is not using the testimony to contradict or impeach him, and accordingly, cannot use RCFC 32(a)(1) in combination with Fed. R. Evid. 801(d)(2)(D) as a basis to admit the deposition into evidence.[1]

---

[1] Despite asserting that it need only satisfy Fed. R. Evid. 801(d)(2)(D), AmBase chose to offer every other deposition designation in accordance with the dictates of this Court's Rules. We respectfully disagree with the cases cited by AmBase indicating that Fed. R. Evid. 801(d)(2)(D) constitutes an independent basis for admitting deposition testimony as evidence for the reasons stated above. Specifically, with respect to the decisions in Long Island Sav. Bank, F.S.B. v. United States, 63 Fed. Cl. 157 (2004), Globe Sav. Bank, F.S.B. v. United States, 61 Fed. Cl. 91 (2004), and the Court's Order in Anchor Sav. Bank, F.S.B. v. United States, No. 95-

## CONCLUSION

For the reasons set forth above, we respectfully request that AmBase's motion to designate Mr. Ryan's deposition testimony for use at trial be denied. In the alterative, we respectfully request leave to submit counter-designations in response to plaintiffs' deposition designations.

---

39C (Fed. Cl. May 17, 2005), we disagree that admissibility under Fed. R. Evid. 801(d)(2)(D) is independent of the requirements of RCFC 32, and that the Court may permit deposition excerpts to be taken as substantive evidence despite the availability of the deponents to testify at trial, and contrary to the long-standing preference for live testimony. Indeed, in light of this long-standing preference, and given that previous decisions of this Court in other cases are not binding precedent here, see West Coast Gen. Corp. v. Dalton, 39 F.3d 312, 315 (Fed. Cir. 1994), the Court would not be abusing its discretion in denying plaintiff's motion and requiring live testimony. See, e.g., General Elec. Co. v. Joiner, 522 U.S. 136, 142 (1997) (trial court's evidentiary rulings reviewed for abuse of discretion).

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

/s/ David A. Levitt by
/s/ F. Jefferson Hughes
DAVID A. LEVITT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street N.W.
Washington, D.C. 20005
Tel: (202) 307-0309

Attorneys for Defendant

OF COUNSEL:

TAREK SAWI
Senior Trial Counsel

ARLENE PIANKO GRONER
ELISABETH HOSFORD
F. JEFFERSON HUGHES
DELISA M. SANCHEZ
AMANDA TANTUM

February 26, 2008

CERTIFICATE OF FILING

I hereby certify that on this 26th day of February 2008, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO SUBMIT PARTY ADMISSIONS OF JOHN RYAN AS SUBSTANTIVE EVIDENCE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ F. Jefferson Hughes